

ZACHARY W. CARTER
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

**COLIN McCANN CERIELLO**
*Assistant Corporation Counsel*
phone: (212) 356-5052
fax: (212) 356-3509
e-mail: cceriell@law.nyc.gov

August 23, 2016

*BY ECF*

Honorable Katherine Polk Failla
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *Royce Corley v. Vance, et al.*, 15-CV-1800 (KPF) ("*Corley 1*")
     *Royce Corley v. Judge Wittner, et al.*, 15-CV-09621 (KPF) ("*Corley 2*")

Your Honor:

   I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing the City of New York in *Corley 1 and 2*.  I write to respectfully request that: (i) the Court stay *Corley 2* against the City; and (ii) *sua sponte* stay *Corley 1* against New York Police Department ("NYPD") defendants Deputy Chief Brian Conroy, Sergeant Michael Daly, Detective Giancarlo Cavallo and Officer Greg Smith[1] pending the resolution of plaintiff's underlying criminal appeal.  Because plaintiff is currently incarcerated, the undersigned was unable to speak to plaintiff to determine whether he consents to the stay.

   **I.**  **Relevant Background**

   Plaintiff was arrested on January 25, 2012 for promoting prostitution and thereafter prosecuted by the New York County District Attorney's Office ("District Attorney's Office") until the charges were dismissed on February 1, 2013 after federal prosecutors took over the case.  *See Corley 1*, Compl., ECF No. 1, ¶¶ 43, 46.  Upon information and belief, the District Attorney's Office dismissed the pending charges because the U.S. Attorney's Office for the Southern District of New York filed an indictment against plaintiff encompassing the Manhattan District Attorney charges—leading to the criminal matter *United States v. Corley*, No. 13-CR-48 (AJN).  On November 15, 2013 plaintiff was found guilty of multiple counts of sex trafficking of

---

[1] Because plaintiff has failed to serve the NYPD defendants, this office does not yet represent them.

children and sentenced to ten years imprisonment for each count.  *See* Exhibit A, *U.S. v. Corley,* No. 13-CR-48 (AJN), at Docket Entry dated November 15, 2013.   On May 8, 2014, plaintiff appealed his conviction to the Second Circuit and recently filed his brief on July 19, 2016.  *See* Exhibit A, at ECF No. 64; *see generally* Exhibit B, *U.S. v. Corley*, No. 14-1709, Brief for the Defendant-Appellant.

On January 13, 2015, plaintiff initiated the civil action *Corley 1* against, *inter alia*, multiple members of the New York Police Department ("NYPD") stemming from the arrest and subsequent prosecution discussed *supra* Paragraph I, which purportedly involved the named defendants. (*See Corley 1,* ECF No. 1).  On December 8 2015, plaintiff initiated *Corley 2* against, *inter alia*, the City of New York stemming from the same arrest and prosecution at issue in *Corley 1* and the underlying criminal matter.  (*See Corley 2*, ECF No. 2).

## II.    The Pendency of Plaintiff's Criminal Appeal Necessities a Stay in *Corley 1* and *Corley 2*

Plaintiff's two current civil actions should be stayed pending the resolution of the underlying criminal case because plaintiff's suits arise from the same nucleus of operative facts as a criminal prosecution against plaintiff currently on appeal in the Second Circuit.

Federal courts have the inherent power and discretionary authority to stay a case in the interest of justice.  *See United States v. Kordel*, 397 U.S. 1, 12, n.27 (1970); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986); *Volmar Distributors, Inc. v. The New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).  The Court should exercise that discretion where proceeding with the civil action risks interfering with an on-going criminal prosecution arising out of the same underlying transaction or occurrence as the civil action.  *See Estes-El v. Long Island Jewish Medical Center*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well settled that the Court may and indeed, should stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.") (internal parens omitted).  Furthermore, "the Court may, in the interests of justice, stay proceedings *sua sponte*."  *Gutlove & Shirvint, Inc.*, LEXIS 91016 at *2 (E.D.N.Y. Nov. 10, 2008) (*citing Kozlowski*, 02 Civ. 7312 (RWS), 2003 U.S. Dist. LEXIS 6261 at *2 (S.D.N.Y. Apr. 15, 2003)) (staying discovery in a civil action *sua sponte* on behalf of non-parties in the interests of justice because a pending criminal investigation arose out of the same underlying facts).

When determining whether to stay civil proceedings in the face of a pending criminal matter, courts within the Second Circuit consider five factors:  "(1) the extent to which the issues in the criminal action overlap with those in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interest[] of the plaintiff[] in proceeding expeditiously, weighed against the prejudice to plaintiff[] caused by the delay; (4) the private interest of, and burden on, the defendant; and (5) the interests of the courts and the public."  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012). Additionally, when considering whether to issue a stay *sua sponte*, courts should consider "(1) the private interests of each of the parties in proceeding expeditiously with the litigation as balanced against the prejudice to their opponents; (2) the interests of the court; (3) the interests of non-parties; and (4) the public interest." *Id.* at *3-4.

First, plaintiff's civil action should be stayed because it arises out of the same underlying facts as the pending criminal appeal.  *See Othman v. City of New York*, 13-CV-4771 (NGG), 2015 U.S. Dist. LEXIS 54903 at *8 (E.D.N.Y. Apr. 2, 2015) (staying § 1983 claim when plaintiff had a pending appeal of his criminal conviction).  Plaintiff alleges that the NYPD defendants falsely arrested him on January 25, 2012—the same arrest leading to plaintiff's subsequent prosecution.  The resolution of factual and legal issues in the criminal matter is necessary in order for the parties and the Court to evaluate what claims may proceed on in the instant civil actions.  *See Bristol v. Nassau County*, No. CV 08-3480(JFB)(WDW), 2010 U.S. Dist. LEXIS 39634, 2010 WL 1660238, at *4 (E.D.N.Y. Apr. 22, 2010) (concluding that "common sense" dictates treating an appeal from a conviction as a "continuation of the state court criminal proceedings for stay purposes").  For example, the viability of plaintiff's malicious prosecution claim depends on whether the Second Circuit affirms or reverses plaintiff's criminal conviction.

Second, any prejudice to plaintiff in staying the civil action is minimal and substantially outweighed by the potential prejudice to the defendants in moving forward with concurrent civil and criminal proceedings.  *Gustave v. City of New York*, No. 10-CV-3314 (RM), 2010 U.S. Dist. LEXIS 106916, (E.D.N.Y. Oct. 6, 2010) (holding that a stay "will not unfairly prejudice plaintiffs" but rather "merely delay civil discovery, not prevent it entirely").  For example, defendants may be precluded from gathering relevant discovery from the plaintiff, the U.S. Attorney's office, and the criminal court while the criminal appeal is still pending.  *See Jordan v. Mirra*, 12 Civ. 1742 (KBF), 2012 U.S. Dist. LEXIS 190572, *3 (S.D.N.Y. May 17, 2012) ("In considering the factors used to decide whether to grant a stay . . . the Court also is informed by the delicate concerns related to balancing the discovery interests between parallel criminal and civil proceedings.").

Third, a stay would also promote efficiency and conserve judicial resources.  *See Roberites v. Huff* No. 11-CV-521SC, 2012 U.S. Dist. LEXIS 46206, at *19 (W.D.N.Y. Mar. 30, 2012) ("[C]onservation of judicial resources makes it prudent that a single determination as to the applicability of Heck be made at the conclusion of all criminal proceedings.").

For the foregoing reasons, this office respectfully requests the Court stay *Corley 2* against the City and  *sua sponte* stay *Corley 1* against the NYPD defendants and until a disposition of the parallel criminal appeal is determined.

I thank your Honor for your consideration herein.

Regards,

_____/s/_____

Colin McCann Ceriello
*Assistant Corporation Counsel*

cc:     *BY FIRST CLASS MAIL*

Royce Corley
*Plaintiff Pro Se*
68011-054
Federal Correctional Institution
33 ½ Pembroke Road
Danbury, CT 06811

*BY ECF*
*Counsel for Co-defendants*