```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
                                                :
ROYCE CORLEY,                                   :
                                                :
                          Plaintiff,            :
                                                :        "Corley-1"
v.                                              :        15 Civ. 1800
                                                :        (Failla, J.)
CYRUS R. VANCE, JR., et al.,                    :
                                                :
                          Defendants.           :
                                                :
------------------------------------------------X
                                                :
ROYCE CORLEY,                                   :
                                                :
                          Plaintiff,            :
                                                :        "Corley-2"
v.                                              :        15 Civ. 9621
                                                :        (Failla, J.)
HONORABLE BONNIE G. WITTNER, et al.,             :
                                                :
                          Defendants.           :
                                                :
------------------------------------------------X
```

RENEWED MOTION FOR RECUSAL
(28 U.S.C. section 455)

Plaintiff Royce Corley, acting pro se, moves to disqualify the Honorable Katherine Polk Failla from the above-referenced proceedings because the Court's impartiality might reasonably be questioned, pursuant to 28 U.S.C. section 455(a), (b)(1) and (b)(3), and have these cases reassigned to another judge as provided by Rule 16 of the Rules for the Division of Business Among District Judges.

STATEMENT OF FACTS

1. In or around December 2000 through about June 2013, the Honorable Katherine Polk Failla ("Judge Failla") served as an Assistant U.S. Attorney for the Southern District of New York, and also held a position as Chief of the Appeals Unit towards the end of her service. See Corley-2, Dkt. #38.

2. In or around November 2009 through January 2012, the District Attorney for the County of New York ("DANY"), New York City Police Department ("NYPD"), and possibly also, the U.S. Attorney's Office for the Southern District of New York ("USAO") and Federal Bureau of Investigation ("FBI"), initiated an investigation of the Plaintiff for prostitution related offenses. See Corley-2, Dkt. #2, para. 13.

3. On or about October 11, 2012, via Court Order, DANY transmitted Plaintiff's criminal case files to the USAO and FBI, anticipating the federal government to accept jurisdiction. See Corley-2, Dkt. #2, para. 39.

4. On January 29, 2013, Plaintiff was arraigned in federal court on two count indictment for sex trafficking based in part on the underlying investigation conducted by DANY and NYPD, and possibly, also the USAO and FBI. See Corley-2, Dkt. #2, para. 49.

5. On or after July 2013, Judge Failla was appointed to be a district court Judge for this judicial district.

6. On or about October 8, 2015, Plaintiff originally moved to recuse Judge Failla based on her handling of Corley-1 and an appearance of partiality. See Corley-1, Dkt. #19.

7. On December 2, 2015, Judge Failla dismissed Corley-1 for objecting to amending the complaint and declined to recuse herself from the case. See Corley-1, Dkt. #20, pages 10-11.

8. On December 10, 2015, Plaintiff filed a notice of appeal to challenge the courts dismissal. See Corley-1, Dkt. #21.

9. On June 17, 2016, the Court of Appeals for the Second Circuit, vacated the Court's dismissal and remanded Corley-1 for further proceedings. See Corley-1, Dkt. #23.

10. On or around August 23, 2016, Corley-2 was transferred from the Honorable John G. Koeltl to Judge Failla based on a related case statement filed by defendant the City of New York. See Corley-2, Dkt. #38.

## STANDARD OF REVIEW

11. Recusal is mandatory where the presiding judge has "personal knowledge of disputed evidentiary facts concerning the proceeding" and also "has served in government employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. section 455(b)(1),(3).

12. "The ultimate inquiry under section 455(a) is whether a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned." United States v. Thompson, 76 F.3d 442, 451 (2d Cir. 1996)(citation omitted).

## DISCUSSION

### A. JUDGE FAILLA'S SERVICE AS CHIEF OF THE APPEALS UNIT, WHEN PLAINTIFF WAS INDICTED BY THE GOVERNMENT, MANDATES RECUSAL

13. Judge Failla served as the Chief of the Appeals Unit for this judicial district at the same time Plaintiff was investigated by DANY and the NYPD, then later indicted by the USAO on or about January 22, 2013. A review of Second Circuit cases on Lexis Nexis shows that the majority of cases that Judge Failla appeared or argued on were criminal cases, with the last such appearance was on or about June 26, 2013 in the matter of United States v. Cuti, 528 Fed. Appx. 84 (2d Cir. 2013).

14. Given these facts, an appearance of partiality exists, because Judge Failla in her official capacity may have "personal knowledge of disputed evidentiary facts" related to Corley-1 and Corley-2, and also participated as counsel, adviser or expressed an opinion concerning what offenses the USAO should charge the Plaintiff with. See Ligon v. City of New York (In re Reassignment of Cases), 736 F.3d 118, 123 (2d Cir. 2013)("goal of section 455(a) is to avoid not only partiality but also the appearance of partiality"). Additionally, under these circumstances recusal is mandatory. See e.g., United States v. Amerine, 411 F.2d 1130, 1133 (6th Cir. 1969) ("the language of the statute [455(b)(3)] is mandatory ... prejudice is presumed whether actually present or not").

    B. JUDGE FAILLA'S, OMISSION THROUGH SILENCE, OF HER GOVERNMENT EMPLOYMENT IS EVIDENCE OF HIDDEN PARTIALITY, BIAS OR PREJUDICE

15. When Plaintiff originally moved to recuse Judge Failla from Corley-1, the Court denied said motion, however failed to disclose her previous employment with the same office that prosecuted the Plaintiff, despite the allegations in the complaint regarding the same or similar underlying facts. See Corley-1, Dkt. #20, pages 10-11. Given these facts, it appears Judge Failla sought to hide legitimate grounds for recusal. This alone further exhibits the appearance of partiality. See Liljeberg v. Health Services Corp., 486 U.S. 847, 860 (1988)("appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts ... forgetfulness, however, is not the sort of objectively ascertainable fact that can avoid the appearance of partiality").

### C. JUDGE FAILLA MAY ACTUALLY BE AN ADVERSE PARTY TO THE PLAINTIFF, IF THE GOVERNMENT ASSISTED STATE WITH ITS INVESTIGATION

16. Defendant Assistant District Attorney John Temple, in both Corley-1 and Corley-2, was at all relevant times the head of the Human Trafficking Unit within DANY; such Unit has direct ties with the USAO, FBI and other law enforcement agencies. Given these facts, and Judge Failla's advisory capacity at the USAO, she may actually be an adverse party if she assisted the Defendants in this case with their investigation or prosecution, in any capacity. Under these circumstances, recusal is mandatory. See 28 U.S.C. section 455(b)(3)("material witness concerning the proceeding").

### CONCLUSION

WHEREFORE, Plaintiff Royce Corley, demands that the Court recuse herself from the above-entitled cases and that "these cases shall be assigned to a different District Judge, chosen randomly under the established practices of the District Court for the Southern District of New York." Ligon, 736 F.3d at 123. It is further demanded, that all defendants of Corley-1 and Corley-2 concur with this motion for recusal to avoid any potential appellate court reversals in the future.

Dated: September 9, 2016
       Danbury, CT

_____
P L A I N T I F F
Royce Corley, pro se
Reg. No. 68011-054
Federal Correctional Institution
33 1/2 Pembroke Road
Danbury, CT 06811-3099

