UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

ROYCE CORLEY,

                                    Plaintiff,

                    -against-                                    **Docket No. 15-CV-9621**
                                                                 **(KPF)**

HONORABLE BONNIE G. WITTNER, J.S.C.;
MICHAEL J. BARRY; PORTS & FILES, INC.;
GLENN F. HARDY, ESQ.; GLENN F. HARDY, P.C.;
CYRUS R. VANCE, JR.; JOHN TEMPLE; DAVID STUART;
GREG WEISS; JOHN DOE; AND THE CITY OF NEW YORK

                                    Defendants.

-----------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT, MICHAEL J. BARRY AND PORTS & FILES, P.C.

                                    GOTLIN & JAFFE


                    By:     DANIEL J. GOTLIN          (5240)
                            *Attorney for Defendants*
                            MICHAEL J. BARRY and
                            PORTS & FILES, P.C.
                            100 LAFAYETTE STREET, SUITE 404
                            NEW YORK, NY 10013
                            (212) 966-5897

2

# Table of Contents

Page(s)

TABLE OF AUTHORITIES.................................................................................................5, 6, 7

TABLE OF STATUTES.................................................................................................................8

PRELIMINARY STATEMENT.................................................................. ...........................9

STATEMENT OF FACTS..........................................................................................................11

STANDARD OF REVIEW.........................................................................................................12

LEGAL ARGUEMENT.......................................................................................................... 13

    POINT I - PLAINTIFF'S CLAIM THAT MICHAEL BARRY
    VIOLATED HIS DUE PROCESS RIGHTS ARE WITHOUT MERIT,
    AS BARRY WAS NOT A STATE ACTOR.............................................................13

    POINT II - PLAINTIFF'S CLAIM OF CONSPIRACY IS
    DEFICENTLY PLEADED AND THEREFORE
    SUBJECT TO DISMISSAL......................................................................................................15

    POINT III - PLAINTIFF'S CLAIM OF LEGAL MALPRACTICE
    MUST BE DISMISSED AS A MATTER OF LAW BECAUSE
    PLAINTIFF HAS NOT PLEADED A COLORABLE
    CLAIM OF INNOCENCE..........................................................................................................17

    POINT IV - PLAINTIFF'S CLAIM OF NEGLIGENT INFLICTION
    OF EMOTIONAL DISTRESS MUST BE DISMISSED AS A
    MATTER OF LAW AS PLAINTIFF DOES NOT ALLEGE
    PHYSICAL INJURY AND THE CLAIM IS TIME-BARRED.............................................18

    POINT V - PLAINTIFF'S CLAIM OF UNJUST ENRICHMENT IS
    DEFICIENTLY PLEADE DAND THEREFORE
    SUBJECT TO DISMISSAL.......................................................................................................19

    POINT VI - PLAINTIFF'S CLAIM OF FRAUD IS DEFICIENTLY
    PLEADED AND CLAIMS THE SAME DAMAGES AS PLAINTIFF'S
    MALPRACTICE CLAIM AND IS SUBJECT TO DISMISSAL.........................................20

POINT VII - PLAINTIFF'S CLAIM THAT MICHAEL BARRY VIOLATED
STATE UNFAIR BUSINESS PRACTICE LAWS IS DEFECIENTLY
PLEADED AND DUPLICATIVE OF PLAINTIFF'S CLAIMOF LEGAL MALPRACTICE
AND MUST BE DISMISSED.................................................................... ....................................................21

CONCLUSION. .........................................................................................................................................22

# Table of Authorities

Page(s)

Adickes v. S.H. Kress & Co.
398 U.S. 144 (1970)............................................................................................................ 14

Alexander & Alexander of N.Y. v. Fritzen
68 N.Y. 2d 268, 269 510 N.Y.S.2d 546 (1986) .................................................................. 15

Ashcroft v. Iqbal
129 S. Ct. 1937, 1954 (2009) ............................................................................................ 12

Baker v. Vanderbuilt Co.
260 A.D. 2d 750, 688 N.Y.S. 2d 726 (3rd Dept. 1999) ..................................................... 15

Bell Atl. Corp v. Twombly
127 S. Ct. 1955, 1965 (2007) ............................................................................................ 12

Blessing v. Freestone
520 U.S. 329 (1997) .......................................................................................................... 14

Britt v. Legal Aid Society, Inc.
95 N.Y. 2d 443, 718 N.Y.S. 2d 264 (2000) ....................................................................... 18

Carlos v. Santos
123 F. 3d 61 (2d Cir. 1997) ............................................................................................... 14

Carmel v. Lunney
70 N.Y. 2d 169, 173, 511 N.E. 2d 1126, 1128 (1987) ....................................................... 17

Carruthers v. Flaum
388 F. Supp. 2d 360 (S.D.N.Y.2005) ................................................................................. 19

Casement v. O'Neill
28 A.D. 3d 508, 812, N.Y.S. 2d 649 (2nd Dept. 2006) ...................................................... 17

Chambers v. Time Warner Inc.
282 F. 3d 147, 152-53 (2d Cir. 2002) ................................................................................

Daly v. Peace
54 A.D.3d 801, 802, 863 N.Y.S.2d 770, 771 (2d Dept. 2008) ........................................... 17

Dwares v. City of New York
985 F. 2d 94, 99-100 (2d Cir. 1993) .................................................................................. 16

Felder v. Casey
487 U.S. 131 (1988) .......................................................................................................... 14

5

Page(s)

Ghazoul v. International Management Services, Inc.
398 F. Supp. 307 (D.C.N.Y.1975) ....................................................................................15

Granite Partners, L.P. v. Bear, Sterns & Co.
17 F. Supp. 2d 275 (S.D.N.Y. 1998) ...............................................................................21

Green v. Leibowitz
118 A. D. 2d 756, 757-58, 500 N.Y.S.2d 146 (App. Div. 2d Dept 1986)........................18

Hardy v. New York City Health & Hosps. Corp.
164 F. 3d 789 (2d Cir. 1999) ...........................................................................................14

Iqbal
129 S. Ct. At 1950.... ........................................................................................................13

Iqbal
129 S. Ct. At 1954............................................................................................................12

Julian v. New York City Transit Authority
857 F. Supp. 242, 252 (E.D.N.Y 1994) ...........................................................................16

K & A Radiologic Tech. Servcs., Inc. v. Comm'r of Dep't of Health
189 F. 3d  273 (2d Cir. 1999) ...........................................................................................14

Kia P. v. McIntyre
235 F. 3d 749 (2d Cir. 2000) ...........................................................................................14

Kia P. v. McIntyre
235 F. 3d 755 ....................................................................................................................14

Koppel v. 4987 Corp.
167 F. 3d. 125, 130 (2d Cir. 1999)..... ..............................................................................13

Krug v. McNally
488 F. Supp. 2d 198, 200 (N.D.N.Y. 2007) aff'd 368 F. App'x 269 (2d Cir. 2010).......14

Mackley v. Sullivan & Liapkis, P.C.
1999 U/S. Dist. LEXIS 6557 (S.D.N.Y. 1999) ..............................................................20

Mandarin Trading. Ltd. v. Wilderstein
16 N.Y. 3d 173, 183, 944, N.E. 2d 1104 (2011) .............................................................19

McCarthy v. Wachovia Bank, N.A.
759 F. Supp. 2d 265, 281 (E.D.N.Y. Jan. 11, 2011)........................................................21

6

Martin Hodas v. Lindsay
431 F. Supp. 637, 643-44 (S.D.N.Y. 1977) ............................................................................................ 15

Mecca v. Shang
258 A. D. 2d 569,685 N.Y.S.2d 458 ( 2d Dept. 1999)............................................................................ 20

Monroe v. Pape
365 U.S. 167 (1969) ................................................................................................................................ 14

Polk County v. Dodson
454 U.S. 312,325,102 S. Ct. 445 (1981).............................................................................................. 15

Robbins v. Cloutier
121 Fed. Appx. 423 (2d Cir. 1997).......................................................................................................... 16

Rodriguez v. Weprin
116 F. 3d 62,65-66 (2d Cir.1997)............................................................................................................ 13

Rosado v. Legal Aid Society
12 A. D. 3d 356,357,784, N.Y.S. 2d 154,155 (2d Dept. 2004) ............................................................ 17

Sage Realty v. Proskauer Rose LLP
251 A.D. 2d 35,675 N.Y.S. 2d 14 (1st Dept. 1998)................................................................................ 20

Schonberger v. Serchuk
742 F. Supp. 108,120  (S.D.N.Y. August 2, 1990) ................................................................................ 18

Steier v. Schreiber
25 A.D. 3d 519, 810 N.Y.S.2d 431 (1st Dept. 2006)............................................................................ 15

Stutman v. Chemical Bank
95 N.Y. 2d 24,29,731 N.E.2d 608 (2000)............................................................................................ 21

Town of Wallkill v. Rosenstein
40 A.D. 3d 972, 837 N.Y.S2d 212 (2007)............................................................................................ 20

Twombly
127 S. Ct. at 1965 ............................................................................................................................12,13

7

# Table of Statutes

Page(s)

42 U.S.C. §1983.................................................................................................................13

Fed. R. Civ. P. 12 (b)(6) ......................................................................................................1

Fed. R. Civ. P. 9 (b)........................................................................................................20,21

N.Y. Gen. Bus. Law § 349 ...............................................................................................10

CPLR § 215 (3)....................................................................................................................19

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Defendants', MICHAEL J. BARRY and PORTS & FILES P.C. ("Barry") motion for an Order pursuant to Fed. Rule Civ. Pro. 12(b)(6) dismissing the Complaint in its entirety, with prejudice, as it fails to state a cause of action upon which relief can be granted.

Plaintiff Royce Corley ("Corley" or "Plaintiff") commenced this action following his conviction on prostitution related charges that originated in New York State Supreme Court: Criminal Term, County of New York. Plaintiff's Complaint alleges constitutional rights violations, civil conspiracy, malpractice, negligent infliction of emotional distress, unjust enrichment, fraud, and violation of New York State deceptive business practices statute. A set forth in detail below, these claims are without merit, deficiently pleaded and barred applicable law.

First, Barry is and was a private investigator appointed by the court to assist defense counsel through the New York County Assigned Counsel Plan. Barry worked on this case for defense counsel for Corley, Glenn Hardy on or about 10/23/2012 through 12/6/2012. After the state criminal action had been pending for approximately one year, the federal government assumed control of Plaintiff's investigation/prosecution. Federal charges were filed, the Federal Defender's took over Corley's defense. Plaintiff was ultimately convicted in federal court on two counts of sex trafficking of a minor and one count of possession of child pornography. The criminal conviction has not been overturned or reversed in any way.

As such, Plaintiff's claim that Barry violated his constitutional rights is without merit, as "Barry" was not a "state actor". Claims arising from an alleged deprivation of constitutional rights can only be made

9

against "state actors" or those acting under the color of state law. As a private investigator assigned to assist Corley's defense counsel "Barry" held liable for a deprivation of constitutional rights, as a matter of law.

Moreover, Plaintiff's claim of civil conspiracy is likewise fatally flawed, as New York law does not recognize "civil conspiracy" as an actionable tort. Additionally, Plaintiff's claim that the Defendants conspired to deprive Plaintiff of his due process rights to a speedy trial is deficiently pleaded, as the Complaint only contains conclusory and unsupported allegations, which are insufficient to predicate a such a claim, as a matter of law.

Plaintiff's legal malpractice claim against "Barry" must fail because the conviction remains intact. He is unable to allege his innocence or set forth facts to support a "colorable claim of innocence". Absent such a showing, a legal malpractice claim related to criminal action cannot stand, as a matter of law.

Lastly, the state causes of action for negligent infliction of emotional distress, unjust enrichment, fraud and deceptive business practices are similarly flawed, as they are deficiently pleaded and wholly duplicative of Corley's malpractice claim. Because Plaintiff brings his claims of negligent infliction of emotional distress and fraud in conjunction with one of legal malpractice. The damages claimed for all three causes of action are identical. Finally, Corley fails to allege material elements of a viable claim for unjust enrichment and deceptive business practices under N.Y. Gen. Bus. Law §349.

As set forth more completely below, Plaintiff's claim are without merit and the Complaint must be dismissed with prejudice and as a matter of law.

10

## STATEMENT OF FACTS

On January 25, 2012, Plaintiff was arrested following an investigation into online prostitution rings, which implicated Corley as a ring leader. The District Attorney's Office, New York County ("DANY") charged Plaintiff with one count of promoting prostitution (running a business) and two counts of promoting prostitution (where the prostitute is younger than age 19). Assistant District Attorney David Stuart's name appeared on the charging instrument. On January 26, 2012 the DANY presented their case to a grand jury, which returned with a "true bill", and the complaint was superseded by an indictment, Attorney Hardy was assigned to Corley's case through the New York County Assigned Counsel Defender Plan (Assigned Counsel) an Article 18B legal assistance program.[1]

Plaintiff was arraigned in New York State Supreme Court, Criminal Term - New York County on February 15, 2012. See P "4" of Exhibit A. The case was assigned to the Honorable Justice Bonnie G. Wittner. After his arraignment, the action was adjourned a number of times. Plaintiff alleges in substance that "Barry" leaked information to the press and sold information to the media. No proof of said allegations exists and the additional claims of Corley amount to nothing less than libel.

On November 15, 2013, a federal jury found Corley guilty of all counts. Plaintiff was sentenced to ten years in prison followed by a ten year probationary release. As of the date of this submission, Plaintiff remains incarcerated in federal correctional facility. His conviction has not been overturned.

The complaint alleges that: (1) that Glenn Hardy and DANY conspired to violate Corley's speedy trial rights by "intentionally delaying to dismiss the case, " and (2) that all Defendant's violated Corley's due process rights in conspiring - with racial animus - by releasing the facts of Plaintiff's criminal case to the media; and (3) that all Defendant's committed negligent infliction of emotional distress by "acting outside the scope of their duties as public servants",  and (4) the Defendant's Michael J. Barry, Ports & Files, Inc.

---

[1] Article 18B of the New York State County Law requires that individual counties throughout the State provide counsel, investigative services, expert services and other services to indigent persons accused of crimes.

and Attorney Hardy committed malpractice in failing to protect Corley's right to a speedy trial and releasing unauthorized information to the media"; and (5) that Defendant's Michael J. Barry, Ports & Files, Inc., and Attorney Hardy were unjustly enriched at Corley's expense by releasing "Plaintiff's case to the media" and (6) that Defendant's Michael J. Barry, Ports & Files, Inc., and Attorney Hardy committed fraud by violating their "oath of confidentiality" and (7) that Defendants Michael J. Barry Ports & Files, Inc., and Attorney Hardy violated N.Y. Gen Bus Law §349, and engaged in unfair business practices by releasing information to the media.

Plaintiff alleges to have sustained the following damages: federal prosecution, extended imprisonment, and severe emotional distress. He claims some permutation of the aforementioned injuries for every cause of action. The complaint demands compensatory damages in the amount of $2,000,000.00 from New York State Supreme Court Justice Bonnie G. Wittner, in the amount of $500,000.00 from "Barry", in the amount of $1,000,000.00 from Attorney Hardy, and in the amount of $1,000,000.00 from DANY.

## STANDARD OF REVIEW

A motion under Rule 12 (b)(6) seeks dismissal on the ground that the complaint fails to state a claim upon which relief may be granted. Ordinarily, the complaint need simply "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, conclusory statements and allegations are insufficient to meet this burden. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1954 (2009) (finding that the "Federal Rules do not require court to credit a complaint's conclusory statements without reference to its factual content"). A plaintiff must set out facts to show he is entitled to relief, which requires more than general labels, broad conclusions, or formulaic recitations of the elements of a cause of action. Twombly, 127 S. Ct. at 1965; accord Iqbal, 129 S. Ct. at 1954.

12

In order to survive a motion to dismiss, a complaint must contain sufficient factual matter...to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 127 S. Ct. at 1955)". " A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. " Id. (quoting Twombly, 127 S. Ct. at 1955). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

In analyzing a Rule 12 motion to dismiss, a court must accept as true all well-pleaded allegations of the complaint and view those allegations in the light most favorable to plaintiff, however, legal conclusions couched as a factual allegations is not entitled to the assumption of truth. See Koppel v. 4987 Corp., 167 F. 3d. 125, 130 (2d Cir. 1999); Twombly, 127 S. Ct. at 1965; Iqbal, 129 S. Ct. at 1950.

Although a pro se litigant is held to less stringent pleading standards, dismissal is appropriate where "it appears beyond doubt that he plaintiff can prove no set of facts in support of his claim which would entitle him to relief. " Rodriguez v. Weprin, 116 F. 3d 62,65-66 (2d Cir.1997) (internal citations omitted ).

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S CLAIM THAT BARRY VIOLATED HIS DUE PROCESS RIGHTS ARE WITHOUT MERIT, BARRY WAS NOT A STATE ACTOR

Plaintiff alleges that Investigator Barry and Glenn Hardy, among others, violated his constitutional due process rights to a speedy trial by announcing "not ready [for trial]" on several occasions, even though DANY was not ready. This claim is asking to an allegation of violation of 42 U.S.C. §1983, entitled "Civil Action for Deprivation of Rights". Specifically, §1983 states:

*"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".*

13

42 U.S.C. § 1983 was intended to provide private parties a cause of action for abuses of official authority which resulted in the deprivation of constitutional rights, privileges, and immunities. Monroe v. Pape, 365 U.S. 167(1961). To sufficiently plead a § 1983 claim, Plaintiff must show the following the elements:

*(1)defendant deprived her of aright secured by the Constitution and laws of the United States; (2) that the defendant deprived her of this constitutional right under color of a statute, ordinance, regulation, custom, or usage of a state or territory; and (3) that defendant acted under color of state law.*

Adickes v. S.H. Kress & Co. 398 U.S. 144 (1970).

Further, 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution and laws. K & A Radiologic Tech. Servcs., Inc. v. Comm'r of Dep't of Health, 189 F. 3d 273 (2d Cir. 1999); Blessing v. Freestone, 520 U.S. 329 (1997). The Courts have consistently held that the "core purpose of § 1983 is to 'provide compensatory relief to those deprived of their federal rights by state actors'. Hardy v. New York City Health & Hosps. Corp. , 164 F. 3d 789 (2d Cir. 1999); Felder v. Casey, 487 U.S. 131 (1988); Kia P. v. McIntyre, 235 F. 3d 749 (2d Cir. 2000).

Based upon the foregoing, it has been established that when raising a § 1983 claim, the first question is whether the action alleged by the plaintiff comes within the definition of 'under color of state law'. Carlos v. Santos , 123 F. 3d 61 (2d Cir. 1997). Acting under color of state law, according the Court of Appeals for the Second Circuit 'requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law'. ); Kia P. v. McIntyre, 235 F. 3d at 755.

Here, Barry is a private investigator who was assigned to assist Plaintiff's attorney via the New York County Assigned Counsel Defender Plan. As such, Barry was not a "state actor". It is well-settled law that "....defense attorneys - even if court -appointed or public defenders - do not act under colors of State law when performing traditional functions of counsel. " Krug v. McNally, 488 F. Supp. 2d 198, 200

14

(N.D.N.Y. 2007) aff'd 368 F. App'x 269 (2d Cir. 2010). Additionally, Barry was not an attorney and did not nor could he consent to any court adjournments.

Moreover, when a Plaintiff civil rights claims are unmistakably grounded in a public defender "performing traditional functions as counsel, " such causes of action must be dismissed because the public defender simply "does not act under color of the state law" in such circumstances. Polk County v. Dodson, 454 U.S. 312,325,102 S. Ct. 445 (1981). Barry is an assigned investigator, not a state actor, as required to successfully plead a claim pursuant to 42 U.S.C. § 1983.

In light of the foregoing, Plaintiff's claims that Barry violated his due process and speedy trial rights are without merit and must be dismissed accordingly.

## POINT II

### PLAINTIFF'S CLAIM OF CONSPIRACY IS DEFICIENTLY PLEADED AND THEREFORE SUBJECT TO DISMISSAL

Plaintiff further alleges that the Defendant engaged in a conspiracy to deprive Plaintiff of his due process rights. It should be noted that in New York, there is no substantive tort of civil conspiracy. Ghazoul v. International Management Services, Inc. , 398 F. Supp. 307 (D.C.N.Y.1975); Steier v. Schreiber ,25 A.D. 3d 519, 810 N.Y.S.2d 431 (1st Dept. 2006). In other words, a civil conspiracy must be coupled with a substantive theory of liability in order to plead a cause of action. See Alexander & Alexander of N.Y. v. Fritzen, 68 N.Y. 2d 268, 269 510 N.Y.S.2d 546 (1986); Baker v. Vanderbuilt Co. , 260 A.D. 2d 750, 688 N.Y.S. 2d 726 (3rd Dept. 1999). ("Allegations of conspiracy are permitted only to connect that action of separate defendant with an otherwise actionable tort").

In order for a complaint to allege a conspiracy under § 1983, the complaint must "set forth with certainty facts showing particularly what defendant or defendants did to carry the conspiracy into effect, whether such acts fit within the framework of the conspiracy alleged. and whether such acts, in the ordinary course of events, would proximately cause injury to the plaintiff. " See Martin Hodas v. Lindsay , 431 F. Supp. 637, 643-44 (S.D.N.Y. 1977).

Moreover, a complaint alleging a conspiracy to violate civil rights is held to a heightened pleading standard. " Julian v. New York City Transit Authority, 857 F. Supp. 242, 252 (E.D.N.Y 1994). A plaintiff asserting a claim of conspiracy to deprive civil rights, must set forth specific facts that demonstrate " a mutual understanding among the conspirators to take action directed towards an unconstitutional end. " Julian, supra at 252.

Here, the plaintiff complaint fails to make such a showing. Plaintiff merely contends that the Defendants acted "collectively" and "conspired to violate" his civil rights. Plaintiff failed to plead any specific facts to support that conclusory allegation. In Robbins v. Cloutier, 121 Fed. Appx. 423 (2d Cir. 2005), the Second Circuit held that such conclusory and unsupported allegations in support of a Section 1983 conspiracy claim are subject to dismissal. In Robbins, the Second Circuit held:

*A plaintiff "should make an effort to provide some details of time and place and the alleged effect of the conspiracy. Thus, complaints containing only conclusory, vague, or general allegations that the defendant have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed: diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct. "*

See Robbins, supra at 425 citing Dwares v. City of New York, 985 F. 2d 94, 99-100 (2d Cir. 1993).

In Robbins, the plaintiff therein asserted only that defendants "have allegedly acted in a concerted effort, " have "allegedly agreed to not hire Plaintiff and to inform other municipalities and private entities to refrain from hiring Plaintiff" and "have allegedly done overt acts in order to effectuate their common plan." The Court held that he vague and conclusory allegations were plainly insufficient and affirmed the District Court's dismissal of the Section 1983 conspiracy claim.

The instant action is analogous to Robbins in that the Plaintiff here relies on conclusory and vague allegations of a conspiracy to deprive him of his due process rights but fails to plead any facts to support the allegation. As such, this claim is subject to dismissal as a matter of law. Further, as argued in Point I supra, Plaintiff cannot sustain a claim for violation under Section 1983, and therefore, any claim of a related conspiracy must necessarily fail.

16

# POINT III

## PLAINTIFF'S CLAIM OF LEGAL MALPRACTICE MUST BE DISMISSED AS A MATTER OF LAW BECUASE PLAINTIFF HAS NOT PLEADED A COLORABLE CLAIM OF INNOCENCE

To the extent that Plaintiff's Complaint contains a cause of action sounding in legal malpractice, such a claim is unavailing and must be dismissed. It is well settled that a Plaintiff cannot maintain an action for legal malpractice arising from an underlying criminal action unless Plaintiff demonstrates his innocence as to the underlying criminal charges or alleges a "colorable claim of innocence." Plaintiff Complaint fails to make such a showing. As such, Plaintiff legal malpractice arising from negligent representation in a criminal proceeding, plaintiff must allege his innocence or colorable claim of innocence of the underlying offense, for so long as the determination of his guilt of that offense remains undisturbed, no cause of action will lie." Carmel v. Lunney, 70 N.Y.2d 169, 173, 511 N.E.2d 1126, 1128 (1987) (citations omitted; emphasis added).

To that end, it is well settled that "[a] plaintiff will not have a cause of action to recover damages for legal malpractice against his former criminal defense attorney unless he ultimately succeeds in having the underlying conviction vacated and indictment dismissed." Daly v. Peace, 54 A.D.3d 801, 802, 863 N.Y.S.2d 770, 771 (2d Dept. 2008)(emphasis added); Casement v. O'Neill, 28 A.D. 3d 508, 812, N.Y.S. 2d 649 (2nd Dept. 2006)(Because the determination of the plaintiffs guilt on the underlying criminal judgment remains undisturbed, no cause of action lies based on legal malpractice.") Rosado v. Legal Aid Society , 12 A. D. 3d 356,357,784, N.Y.S. 2d 154,155 (2d Dept. 2004) (holding that plaintiff failed to state a cause of action for legal malpractice because he did not successfully challenge his criminal conviction and could neither assert nor establish his innocence.)

17

"In order to open the door for even a colorable claim of innocence, the criminal defendants must free themselves of the conviction, for the conviction precludes those potential plaintiffs from asserting innocence in a civil trial. Britt v. Legal Aid Society, Inc. , 95 N.Y. 2d 443, 718 N.Y.S. 2d 264 (2000).

Here, Plaintiff's Complaint contains a single, incorrect conclusion that "[o]n February 1, 2013, DANY dismissed all charges against the Plaintiff, thus terminating the proceedings in Plaintiff's favor." However, Corley's own pleadings contradicts this claim, as the entire premise of this Complaint is that the underlying state prosecution resulted in his federal Criminal Court Docket, that the facts underlying Plaintiff's federal criminal charges are the same facts which supported the state charges. Moreover, during the February 8, 2013 pre-trial conference, it was made clear that the federal indictment was merely a continuance of the state charges, indicating that the United State Attorney's Office was "...working with the DA's office in Manhattan who originally had this case..." See p. 3 of Exhibit D. The state action was not disposed in Corley's favor. Though there is a pending pro se appeal, Corley's federal conviction has not been overturned. See Exhibit C. Plaintiff, admittedly, remains incarcerated. Plaintiff failed to sufficiently plead facts to suggest he is innocent of the criminal charges, create a "colorable claim of innocence" or free himself of conviction, and thus he cannot sustain a legal malpractice action.

In light of the foregoing , Plaintiff's legal malpractice claim must be dismissed with prejudice as a matter of law.

## POINT IV

### PLAINTIFF'S CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED AS A MATTER OF LAW AS PLAINTIFF DOES NOT ALLEGE PHYSICIAL INJURY AND THE CLAIM IS TIME-BARRED

New York law does not permit claims for negligent infliction of emotional distress within an ordinary legal malpractice claim. Schonberger v. Serchuk , 742 F. Supp. 108,120 (S.D.N.Y. August 2, 1990) citing Green v. Leibowitz, 118 A. D. 2d 756, 757-58, 500 N.Y.S.2d 146 (App. Div. 2d Dept 1986). In

18

order to maintain such a claim, plaintiff must allege that defendants' conduct unreasonable threatened plaintiff's physical safety in some way. Id.

Furthermore, Plaintiff claim for negligent infliction of emotional distress is time-barred. The limitation period for such a claim is one year. Id.

Here, Plaintiff does not allege any particular act giving rise to his purported emotional distress, not does he assert damages in excess than those he claims he suffered as a result of the malpractice claims (imprisonment). Further, Barry ceased representing Plaintiff in December 2012, nearly three years before Corley commence this action in December 2015. Since claims for negligent infliction of emotional distress are afforded a one (1) year statute of limitations, such a claim is time-barred. CPLR § 215 (3).

Ultimately, this claim fails on not one, but two fronts. Plaintiff's cause of action for negligent infliction of emotional distress must be dismissed, with prejudice, as a matter of law.

## POINT V

### PLAINTIFF'S CLAIM OF UNJUST ENRICHMENT IS DEFICIENTLY PLEADED AND THEREFORE SUBJECT TO DISMISSAL

Unjust Enrichment claims, sounding in quasi-contract, must allege that (i) defendant was enriched (2) at plaintiff expense and 93) that it is equity to allow defendant to retain the benefit. Carruthers v. Flaum 388 F. Supp. 2d 360 (S.D.N.Y.2005). In order to recover, it must be shown that "performance was rendered for the defendant". Id. Furthermore, "without sufficient facts, conclusory allegations that fail to establish that a defendant was unjustly enriched at the expense of plaintiff warrant dismissal. Mandarin Trading. Ltd. v. Wilderstein 16 N.Y. 3d 173, 183, 944, N.E. 2d 1104 (2011).

Here, plaintiff does not allege having performed any particular service for Barry, Rather, Plaintiff claims that Barry incidentally benefitted from having information he necessary acquired in the defense of Plaintiff's criminal claim. Corley claims that Attorney Hardy (and Mr. Barry) received "financial gain" and professional promotion by disclosing unspecific facts of Plaintiff's criminal action to the media. Such a benefit is conclusory and not substantiated by any factual allegations.

19

Additionally, New York Courts routinely dismiss claims of fraud related to legal malpractice as duplicative. Town of Wallkill v. Rosenstein 40 A.D. 3d 972, 837 N.Y.S2d 212 (2007), the second Department upheld the trial court's dismissal of claims against an attorney for inter alia fraudulent concealment, unjust enrichment, and breach of contract finding that "they were merely duplicative of the legal malpractice cause of action, as they arose from the same facts and did not allege distinct and different damages". Id at 974. See also Sage Realty v. Proskauer Rose LLP 251 A.D. 2d 35,675 N.Y.S. 2d 14 (1st Dept. 1998)(dismissing claims for breach of contract and fraudulent misrepresentation of "legal expertise" on the grounds that the claims are duplicative of plaintiff's claims for legal malpractice against defendant law firm). See Mecca v. Shang 258 A. D. 2d 569,685 N.Y.S.2d 458 ( 2d Dept. 1999) (dismissing claims for breach of contract, breach of fiduciary duty and fraud as duplicative of a legal malpractice claim).

Moreover, the alleged unjust enrichment claim is premised upon the same facts (disclosure of information to the media) and seeks the same damages as Plaintiff's professional malpractice claim. As such, the unjust enrichment must be dismissed, with prejudice, as a matter of law.

## POINT VI

## PLAINTIFF'S CLAIM OF FRAUD IS DEFICIENTLY PLEADED AND CLAIMS THE SAME DAMAGES AS PLAINTIFF'S MALPRACTICE CLAIM AND IS SUBJECT TO DISMISSAL

Much like the claims for negligent infliction of emotional distress, to successfully plead fraud in conjunction with legal malpractice, a Plaintiff must allege damages different than those sustained as a result of the claimed malpractice. Mackley v. Sullivan & Liapkis, P.C. 1999 U/S. Dist. LEXIS 6557 (S.D.N.Y. 1999).

Additionally, when setting forth a claim of Fraud, Fed. R. Civ. P. 9 (b) requires that "...a party must state with particularly the circumstances constituting fraud..."That is to say that a complaint must set forthwith specificity "the statements made that were false or misleading, give particular as to the respect in which it is contended that the statement were fraudulent, and state the time and place that statements were

made. Granite Partners, L.P. v. Bear, Sterns & Co. 17 F. Supp. 2d 275 (S.D.N.Y. 1998). Those fraudulent statements must be "affirmative, intentional misrepresentations." Mackley supra.

Corley fails to plead his fraud claim with any specificity whatsoever. He fails to satisfy Fed. R. Civ. P. (9) (b) and set forth the fraudulent statements Barry purportedly made, and to whom he made them. Rather, plaintiff sole allegation is that Barry made "material misrepresentation of fact" at a point between October and December 2012. See Paragraph "69" of Plaintiff's complaint. Plaintiff alleges to have suffered identical damages as a result of the purported fraud and legal malpractice: "Plaintiff's successive federal prosecution, extended imprisonment, and emotional distress. The pleading fails as impermissibly vague and duplicative of the malpractice claims. This is insufficient to sustain such a cause of action.

Plaintiff's claim of fraud should be dismissed with prejudice.

## POINT VII

### PLAINTIFF CLAIM THAT BARRY VIOLATED STATE UNFAIR BUSINESS PRACTICE LAWS IS DEFICIENTLY PLEADED AND DUPLICATIVE OF PLAINTIFF'S CLAIM OF LEGAL MALPRACTICE AND MUST BE DISMISSED

A plaintiff pursuing a claim under N.Y. Gen Bus. Law § 349 must establish three elements: (1) " the challenged act of practice was consumer-oriented", (2) the act or practice "was misleading in a material way" and (3) "the plaintiff suffered injury as a result of the deceptive act". McCarthy v. Wachovia Bank, N.A. 759 F. Supp. 2d 265, 281 (E.D.N.Y. Jan. 11, 2011) citing Stutman v. Chemical Bank 95 N.Y. 2d 24,29,731 N.E.2d 608 (2000). Plaintiff does not allege that the challenge act was consumer oriented, or that Barry made any particular misrepresentation. When Plaintiff fails "to offer any evidence from which the Court could conclude that the alleged deceptive practices impacted anyone other than the plaintiff himself," the claim fails as a matter of law. McCarthy Supra.

Therefore, the state statutory deceptive businesses cause of action should be dismissed with prejudice.

21

## CONCLUSION

Insofar as: (1) the Plaintiff's claim of legal malpractice against Barry is subject to dismissal on the grounds that Plaintiff has failed to establish his innocence in the underlying criminal action; (2) Plaintiff cannot prove that Barry was a "state actor" or acted under the color of the law; and (3) Plaintiff failed to satisfy the heightened pleading standard for a claim of conspiracy to deprive of constitutional rights by pleading specific facts beyond mere conclusory allegations; and (4) all the state causes of action are deficiently pleaded; and (5) in additional to being deficiently pleaded, the cause of action for fraud an unfair business practices are duplicative of the claim for legal malpractice , it respectfully requested that this Honorable Court grant the instant motion and issue an Order dismissing the Plaintiffs Complaint in its entirety with prejudice and as a matter of law, together with such other and further relief as this Court may deem just and proper, including prohibiting Plaintiff from commencing new litigation against Investigator Barry, without first obtaining Court approval.

Dated: New York, New York
November     , 2017

GOTLIN & JAFFE

By:     DANIEL J. GOTLIN        (5240)
        *Attorney for Defendants*
        MICHAEL J. BARRY and
        PORTS & FILES, P.C.
        100 LAFAYETTE STREET, SUITE 404
        NEW YORK, NY 10013
        (212) 966-5897

22