# EXHIBIT D

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :     SUPERSEDING INDICTMENT

           - v. -                 :     S1 13 Cr. 48 (RPP)

ROYCE CORLEY,                     :
    a/k/a "Ron Iron,"
                                  :
           Defendant.
                                  :
- - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 10 2013

COUNT ONE

(Sex Trafficking of a Minor)

The Grand Jury charges:

1.  From at least in or about August 2011, up to and including in or about January 2012, in the Southern District of New York and elsewhere, ROYCE CORLEY, a/k/a "Ron Iron," the defendant, willfully and knowingly, in and affecting interstate commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain, by any means, a person, and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, to wit, CORLEY recruited, enticed, transported, provided, and maintained a person who was less than 18 years old ("Minor Victim-1"), and who was caused to engage in at least one commercial sex act that benefitted CORLEY

financially.

(Title 18, United States Code, Sections 1591(a) & (b)(2)).

## COUNT TWO

(Sex Trafficking of a Minor)

The Grand Jury further charges:

2. From at least in or about June 2011, up to and including in or about January 2012, in the Southern District of New York and elsewhere, ROYCE CORLEY, a/k/a "Ron Iron," the defendant, willfully and knowingly, in and affecting interstate commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain, by any means, a person, and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, to wit, CORLEY recruited, enticed, transported, provided, and maintained a person who was less than 18 years old ("Minor Victim-2"), and who was caused to engage in at least one commercial sex act that benefitted CORLEY financially.

(Title 18, United States Code, Sections 1591(a) & (b)(2)).

COUNT THREE

(Sex Trafficking of a Minor)

The Grand Jury further charges:

3. From at least in or about June 2011, up to and including in or about November 2011, in the Southern District of New York and elsewhere, ROYCE CORLEY, a/k/a "Ron Iron," the defendant, willfully and knowingly, in and affecting interstate commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain, by any means, a person, and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, to wit, CORLEY recruited, enticed, transported, provided, and maintained a person who was less than 18 years old ("Minor Victim-3"), and who was caused to engage in at least one commercial sex act that benefitted CORLEY financially.

(Title 18, United States Code, Sections 1591(a) & (b)(2)).

COUNT FOUR

(Possession of Child Pornography)

The Grand Jury further charges:

4. In or about January 2012, in the Southern District of New York and elsewhere, ROYCE CORLEY, a/k/a "Ron

3

Iron," the defendant, knowingly did possess, and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, CORLEY possessed on a thumb drive photographs containing child pornography.

(Title 18, United States Code, Section 2252A(a)(5)(B)).

### FORFEITURE ALLEGATIONS

5. As a result of committing the sex trafficking offenses as alleged in Counts One through Three of this Superseding Indictment, ROYCE CORLEY, a/k/a "Ron Iron," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594: (1) any property, real and personal, used or intended to be used to commit or to facilitate the commission of the offenses; and (2) any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses.

6. As a result of committing the child pornography offense alleged in Count Four of this Superseding Indictment,

ROYCE CORLEY, a/k/a "Ron Iron," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all right, title, and interest of the defendant in any and all visual depictions produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18, Part I, United States Code; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense alleged in Count Four of this Superseding Indictment, including but not limited to the following:

    (a)  Any and all visual depictions of a minor involved in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(8); and

    (b)  Any and all computers and other equipment involved in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(8).

Substitute Asset Provision

    7.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 1594 and 2253;
Title 21, United States Codes, Section 853; and
Title 28, United States Code, Section 2461.)

_____          _____
FOREPERSON                          PREET BHARARA
                                    United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

ROYCE CORLEY,
a/k/a "Ron Iron,"

Defendant.

---

SUPERSEDING INDICTMENT

S1 13 Cr. 48 (RPP)

(18 U.S.C. §§ 1591(a) & (b)(2), and 2252A(a)(5)(B)).

PREET BHARARA
United States Attorney.

*[signature]*

10-10-13 Indictment filed - JM
USMJ Gorenstein