# EXHIBIT E

PT. 61 FEB 2 1 2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 61

THE PEOPLE OF THE STATE OF NEW
YORK

                   -against-

ROYCE CORLEY,

                        Defendant.

RECOMMENDATION OF
DISMISSAL

Indictment No. 423/2012

 

Gregory Weiss, an attorney admitted to practice before the Courts of this State, affirms under penalty of perjury that:

I am an Assistant District Attorney in the office of CYRUS R. VANCE, District Attorney for the County of New York.  As the Assistant District Attorney assigned to the prosecution of the above-captioned case, I am familiar with its facts and circumstances based upon review of the case file, conversations with other law enforcement personnel assigned to the case, and participation in proceedings related to the case.

This affirmation is submitted in support of the People's recommendation of dismissal of New York County indictment number 423/2012.

1

## INDICTMENT

New York County indictment number 423/2012 was filed on January 26, 2012, charging the defendant with two counts of Promoting Prostitution in the Third Degree in violation of Penal Law §§ 230.25(1) and 230.25(2), respectively. More specifically, it is charged that on January 12, 2012, at approximately 6:00 p.m., in the vicinity of 335 East 21st Street, New York, New York, the defendant knowingly advanced and profited from prostitution by managing, supervising, controlling, and owning, either alone or in association with others, a prostitution business and enterprise involving prostitution activity by two or more prostitutes, and the defendant knowingly advanced and profited from prostitution of a person who was less than nineteen years old.

## EVIDENCE

In the fall of 2011, the New York City Police Department ("NYPD") received information that the defendant, also known as "Ron Iron," was promoting the prostitution of young women. Thereafter, in an investigation conducted jointly by the NYPD Major Case Detective Squad and the New York County District Attorney's Office, evidence was obtained demonstrating the defendant's involvement in promoting prostitution of a number of young women, including at least two of whom were less than nineteen years of age. This evidence includes phone records, financial

records, internet protocol address and history records, witness testimony, items of physical evidence recovered from the defendant at the time of his arrest, and items of physical evidence recovered during the execution of search warrants at the defendant's residence and other locations.

## PROCEDURAL HISTORY

On January 25, 2012, the defendant was arrested by the Vice Enforcement Division of the Major Case Detective Squad of the NYPD.

On January 26, 2012, the defendant was arraigned on a felony complaint and bail was set at $200,000 bond or $100,000 cash.

On January 26, 2012, a grand jury filed New York County Indictment number 423/2012, charging the defendant with two counts of Promoting Prostitution in the Third Degree in violation of Penal Law §§ 230.25(1) and 230.25(2), respectively.

On February 15, 2012, the defendant was arraigned on New York County Indictment number 423/2012 before the Honorable Bonnie Wittner, Justice of the Supreme Court of the State of New York, New York County, Part 61, where the defendant entered a plea of not guilty. On that date the Court reviewed and modified the defendant's bail to $50,000 bond or $25,000 cash, on which the defendant has remained incarcerated.

PRIOR CRIMINAL RECORD

The defendant has no prior criminal convictions.

RECOMMENDATION

For the following reasons, the People recommend that New York County Indictment number 423/2012 be dismissed.

I am informed by Assistant United States Attorney Tatiana Martin of the Office of the United States Attorney for the Southern District of New York ("AUSA Martins") that an indictment entitled United States v. Royce Corley a/k/a "Ron Iron", 13 Cr. 048 (JGK), dated January 22, 2013, has been filed in United States District Court for the Southern District of New York charging the defendant with two counts of Sex Trafficking of a Minor, in violation of 18 United States Code, Sections 1591(a) & (b)(2). AUSA Martins also informs me that the subject matter of the federal indictment includes the criminal conduct charged under New York County indictment 423/2012.

Under the double jeopardy provisions of Criminal Procedure Law §40.20, any disposition of the federal indictment will bar subsequent proceedings under New York County indictment 423/2012. See, People v. Abbamonte, 43 N.Y.2d 72 (1977)(interpreting C.P.L. §40.20[2], a state prosecution is barred whenever "the

particular activity for which the State seeks to hold defendants responsible were or could have been alleged to support" previous federal charges.)   Although there are limited exceptions to the double jeopardy prohibition of Criminal Procedure Law §40.20(2), these exceptions do not appear to be applicable in this particular instance.   Therefore, any disposition of the federal indictment filed against the defendant will bar subsequent proceedings upon New York County indictment 423/2012 by operation of law.

Moreover, I am informed by AUSA Martins that if convicted as charged under the pending federal indictment, the defendant will receive a prison term of no less than ten years, and faces an authorized sentence of life in prison.   If convicted as charged under New York County Indictment number 423/2012, however, the defendant faces no mandatory minimum sentence and a maximum authorized sentence of two and one-third to seven years in prison on each count.

In sum, subsequent proceedings upon New York County indictment 423/2012 will be barred by any disposition of the defendant's pending federal indictment.   In addition, based upon the seriousness of the defendant's criminality including his victimization of young women, this Office submits that the greater scope of punishment available by law upon conviction of the defendant under the federal indictment renders the United States District Court for the Southern District of New York the more appropriate forum for prosecution in this particular instance.

CONCLUSION

For the these reasons, as such other reasons as the Court deems fit and proper, the People respectfully recommend the dismissal of New York County Indictment number 423/2012.

No previous recommendation in this case has been made to any Justice of this Court.

Dated:    January 31, 2013
          New York, New York

                                    Respectfully submitted,


                                    Gregory Weiss
                                    Assistant District Attorney
                                    212-335-4382

APPROVED:


John Temple                         John Irwin
Assistant District Attorney         Assistant District Attorney
Attorney-In-Charge, Human Trafficking Program    Deputy Chief, Trial Division

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ROYCE CORLEY,

Defendant.

DISMISSAL ON RECOMMENDATION

INDICTMENT NO. 423/2012

Cyrus R. Vance, Jr.
District Attorney
New York County
One Hogan Place
New York, New York 10013
(212) 335-9000