# EXHIBIT H

14-1709
*United States v. Corley*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand seventeen.

PRESENT:
  GUIDO CALABRESI,
  SUSAN L. CARNEY,
    *Circuit Judges*,
  CAROL BAGLEY AMON,
    *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

  *Appellee*,

   v.               No. 14-1709

ROYCE CORLEY, AKA RON IRON,

  *Defendant-Appellant.*

_____

FOR APPELLANT:    Royce Corley, *pro se*, Danbury, CT.

FOR APPELLEE:    Amanda Kramer, Karl N. Metzner,
            Assistant United States Attorneys, *for* Preet

---

[*]  Judge Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

Bharara, United States Attorney for the
Southern District of New York, New
York, NY.

Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Royce Corley, proceeding *pro se*, appeals his conviction for three counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). At trial, the Government presented evidence that Corley prostituted at least three minor victims, known by the pseudonyms Jenna Smith, Elaine Jones, and Mariam Miller,[1] and possessed sexually explicit photos of Smith. On appeal, Corley challenges various evidentiary rulings, two jury instructions, and the sufficiency of the evidence supporting his convictions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I. **Evidentiary Rulings**

"We review a district court's evidentiary rulings for abuse of discretion, and will reverse only for manifest error." *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) (citation omitted).

The district court did not abuse its discretion by admitting a photo of Jones. Corley objects to the photo's admission because it was taken after an assault, when Jones was hospitalized, crying, and had bloodshot eyes, circumstances that Corley argues made the

---

[1] The victims' last names are pseudonyms.

2

photo unfairly prejudicial. Federal Rule of Evidence 403 provides that a district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Here, the photo was not unfairly prejudicial. The Government deleted from the image all clothing and background indicating that the photo was taken in a hospital, and although Jones's eyes appeared bloodshot, no injuries to her were visible in the photo. The photo had probative value because it was used to identify Jones as one of the girls Smith introduced to Corley.

The district court also did not abuse its discretion by admitting the thumb drive. Corley objected to its admission because (he asserts) it was not authenticated. Under Federal Rule of Evidence 901(a), an item of evidence must "be 'authenticated' through introduction of evidence sufficient to warrant a finding that the item is what the proponent says it is." *Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 126 (2d Cir. 2016) (quoting Fed. R. Evid. 901(a)). Corley argues that the Government failed to prove that the thumb drive removed from his pocket by Detective Mark Woods was the same thumb drive as that analyzed by the FBI and introduced at trial. But Detective Woods identified the drive as the one that he seized from Corley's pocket. Special Agent John Robertson also identified the drive as the one on which he conducted a forensic analysis. Absent any evidence to the contrary, the district court was entitled to conclude that the thumb drive analyzed by Special Agent Robertson was more likely than not the one seized by Detective Woods. *See United States v. Gelzer*, 50 F.3d 1133, 1141 (2d Cir. 1995).

Finally, the district court properly precluded Corley from cross-examining Smith and Miller about their previous employment as prostitutes and other sexual conduct unrelated to

their employment with Corley. Under Federal Rule of Evidence 412, evidence offered to prove that a victim engaged in other sexual behavior is not admissible. It allows three limited exceptions to the general prohibition: admission (1) to prove that another person was the source of the injury, (2) to show consent, and (3) to avoid a violation of the defendant's constitutional rights. Fed. R. Evid. 412(b)(1). Corley argues that the purpose of his cross-examination was to prove that another person was responsible for the victims' injuries and that the minor victims consented to being prostitutes. But these exceptions do not apply here. The Government did not charge Corley with physically harming any of the victims or committing any form of sexual misconduct as to which the victims' prior sexual behavior would be relevant. Further, the victims could not consent because they were minors. *See United States v. Elbert*, 561 F.3d 771, 776 (8th Cir. 2009).

## II.  Jury Instructions

We review *de novo* jury instructions alleged to be erroneous. *United States v. Kozeny*, 667 F.3d 122, 130 (2d Cir. 2011). We "will reverse only if all of the instructions, taken as a whole, caused a defendant prejudice." *United States v. Bahel*, 662 F.3d 610, 634 (2d Cir. 2011) (citation omitted).

### a. No Unanimity Needed as to Means

A jury cannot convict unless it finds unanimously that the government proved each element of the crime beyond a reasonable doubt. *Richardson v. United States*, 526 U.S. 813, 817 (1999). A jury need not be unanimous, however, as to the means of the crime—that is, as to the underlying facts or theories satisfying an individual element. *Id.*

Corley objects here to the district court's instruction to the jury that, to convict, it did not need to conclude unanimously as to how Corley violated 18 U.S.C. § 1591(a), sex trafficking of a minor. Section 1591(a) provides:

> Whoever knowingly—
>
> > (1) in or affecting interstate or foreign commerce, . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
> >
> > (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a). The plain reading of the statute suggests that the first element of the offense—the trafficking act—can be satisfied by the conduct listed in either subpart (1) or subpart (2). Corley could be convicted under § 1591(a) if, for example, he either (1) harbored, or (2) participated in a venture that harbored, minor victims. We therefore conclude that (a)(1) and (2) establish alternative means of committing the offense. *Cf. United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) (interpreting "force, fraud, or coercion" as referring "to alternative *means* of commission" when determining if an offense under § 1591 is a crime of violence (emphasis in original)). Thus, the jury instructions properly noted the two theories under which the jury could find that the first element was satisfied, and the district court correctly informed the jury that it need not be unanimous as to which theory proved the element, but only in finding that the Government proved the element beyond a reasonable doubt.

5

### b. Knowledge Element and "Reasonable Opportunity to Observe"

Corley also challenges the district court's instructions to the jury with regard to the knowledge element of § 1591. In *United States v. Robinson*, we held that the government can establish the defendant's knowledge of the victim's minority by proving that the defendant had a reasonable opportunity to observe the victim. 702 F.3d 22, 31-32 (2d Cir. 2012). This "reasonable opportunity" method provides only one alternative to other means of proving knowledge of the victim's age. *Id.* The district court here correctly instructed the jury, under *Robinson*, that the Government could satisfy the knowledge element of the crime in three ways: by establishing actual knowledge, reckless disregard of the fact that the victims were underage, or reasonable opportunity to observe the victims. It further explained that the jury could find that Corley had a "reasonable opportunity" to observe the victims if he had a "face-to-face interaction" with them. Corley argues that the district court erred in its instruction that finding that a "face-to-face interaction" occurred would be sufficient to satisfy the knowledge element, because whether Corley had a reasonable opportunity to observe should have been a question of fact for the jury to decide. But even if Corley is correct that the court erred in this aspect of its instruction, the error is harmless. As discussed below, the Government offered ample evidence that Corley had *actual* knowledge of the victims' ages and the special verdict showed that the jury found that the Government had proven his actual knowledge. Thus, whether or not the face-to-face instruction was correct, Corley was not prejudiced by its use.

6

### III. Sufficiency of the Evidence

We review *de novo* challenges to the sufficiency of the evidence. *United States v. Harvey*, 746 F.3d 87, 89 (2d Cir. 2014) (per curiam). A defendant raising such a challenge faces a "heavy burden," because "in assessing whether the evidence was sufficient to sustain a conviction, we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessment of the witnesses' credibility." *Id.* (internal quotation marks and citation omitted). A conviction will be upheld if "*any* rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *Id.* (emphasis in original) (citation omitted).

#### a. Sex Trafficking of a Minor

##### 1. Interstate Commerce

Corley argues that § 1591 requires the Government to show that he knowingly engaged in interstate commerce, and the Government failed to offer sufficient evidence to that effect. We do not think that the "knowingly" modifier in § 1591(a) applies to the section's interstate commerce clause and other courts have ruled in accordance with our view. *See, e.g.*, *United States v. Chang Ru Meng Backman*, 817 F.3d 662, 667 (9th Cir. 2016); *United States v. Sawyer*, 733 F.3d 228, 230-31 (7th Cir. 2013). As to this element, the Government need offer sufficient evidence from which to infer only that Corley's actions affected interstate commerce. The evidence showed that Corley used a website, Backpage.com, to post advertisements featuring the minor victims. The parties stipulated that Backpage processed the advertisement payments in Massachusetts and hosted the advertisements on a server in Arizona. This evidence is sufficient to support an inference

that his actions affected interstate commerce. *See United States v. Baston*, 818 F.3d 651, 664-65 (11th Cir. 2016).

Even were we to conclude that the Government must also show his knowledge of the interstate commerce element, the evidence was sufficient for a jury to conclude that Corley knew that his advertisements were bringing clients into New York from out of state. Smith testified that her customers learned of her services through Backpage advertisements and that her customers were not limited to New York State residents. Since their effect was to bring out-of-state customers into New York for the purposes of engaging in sexual relations for pay, a jury could reasonably conclude that, by placing advertisements on Backpage, Corley "knowingly affected" interstate commerce. Corley's challenge therefore fails.

### 2. Trafficking Acts

Corley argues that there was no evidence that he committed any of the acts (recruiting, harboring, transporting, providing, obtaining, or maintaining the minor victims) that constitute "trafficking" under the statute. His argument is thoroughly contradicted, however, by the overwhelming evidence presented at trial. The Government presented evidence supporting the following findings: Corley regularly created Backpage advertisements for Smith, Jones, and Miller ("provided"); Corley drove Smith back to his apartment, where he took advertisement photos of her, and drove Miller to an apartment where he said she would be working ("transported"); Corley personally recruited Smith and Miller to work for him as prostitutes and asked Smith to recruit other women, and she recruited Jones ("recruited"); and by giving them keys, Corley made available to them

8

various apartments in which Smith, Jones, and Miller lived and worked ("maintained"). Thus, the Government's evidence in this regard was ample.

### 3. Commercial Sex Act

The Government also introduced sufficient evidence to show that Corley trafficked his victims for the purposes of commercial sex or prostitution. Section 1591 requires the Government to prove that the defendant committed specific actions knowing that the victim "will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a). The statute defines a "commercial sex act" as "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). Corley argues that there was no evidence of a commercial sex act having actually been performed by the victims. This argument does not comport with the plain meaning of the statute, which requires only that the defendant "know" that the victim "will be caused" to engage in a commercial sex act; the statute does not require that an actual commercial sex act have occurred. *See United States v. Hornbuckle*, 784 F.3d 549, 553-54 (9th Cir 2015); *United States v. Garcia-Gonzalez,* 714 F.3d 306, 312 (5th Cir. 2013). At trial, all three minor victims testified that Corley took them to an apartment, took pictures that he said he would use to advertise their sexual services, and gave them a phone from which they received calls from clients. Based on this testimony, a jury could infer that Corley knew in connection with the acts described above that each of the three minor victims would be caused to engage in a commercial sex act.

### b. Possession of Child Pornography

#### 1. Ownership of the Thumb Drive

The Government offered sufficient evidence that Corley possessed the thumb drive that contained child pornography. Detective Woods testified that he removed the thumb drive from Corley's pocket when he arrested Corley and entered it into the chain of custody. Special Agent Robertson identified that drive as the one on which he conducted a forensic analysis. He testified, further, that the five images charged in the indictment were found on the thumb drive. The thumb drive also contained an image file entitled "ronironseal.png," a name that incorporates the alias Corley used in his prostitution business. Corley's argument challenging his conviction on this ground is thus unavailing.

#### 2. Venue

Corley argues next that, because the thumb drive was seized in Queens, New York, he could not have possessed it in the Southern District of New York. At the time of his arrest, however, Corley lived in Manhattan, which is in the Southern District. A reasonable jury could have concluded that Corley carried the thumb drive with him from Manhattan to Queens. His challenge to venue fails.

#### 3. Materials-In-Commerce

Corley challenges the sufficiency of the evidence offered by the Government to show that he possessed child pornography that was produced using materials that had moved in interstate commerce. Section 2252A(a)(5)(B) of Title 18 criminalizes possession of child pornography "that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means." 18 U.S.C.

1  § 2252A(a)(5)(B). The parties stipulated that the camera that Corley used to take the photos
2  of minor victim Smith, a Fuji Film FinePix camera, was manufactured outside the state of
3  New York. Corley argues that because the minor victim did not testify about *where* the
4  pictures were taken, the jury could not reasonably conclude that the camera moved in
5  interstate or foreign commerce. This argument fails to persuade: the jury could infer that the
6  pictures were taken in New York based on Special Agent Robertson's testimony that the
7  images were created in August 2011, and the minor victim's testimony that she was working
8  for Corley in New York from June 2011 through December 2011. The Government's
9  evidence of materials-in-commerce, although minimal, was adequate.

10         **c. Ages of the Victims for Both Charges**

11  Corley contends that the Government did not show he had actual knowledge of or
12  recklessly disregarded the ages of the victims. But Miller testified to having told him that she
13  was 16; Jones did the same. And Smith testified that, after Corley saw her Facebook page—
14  which listed her correct date of birth—he asked her about it, providing a sufficient basis
15  from which the jury could infer that he was aware she was a minor.

16         \* \* \*

17  We have considered all of Corley's remaining arguments and find them to be without
18  merit. Accordingly, we **AFFIRM** the judgment of conviction.

19         FOR THE COURT:
20         Catherine O'Hagan Wolfe, Clerk of Court
21



11