UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Royce Corley,

                      Plaintiff,

- against -

Honorable Bonnie G. Wittner, J.S.C.; Michael J. Barry; Ports & Files, Inc.; Glenn F. Hardy, Esq.; Glenn F. Hardy, P.C.; Cyrus R. Vance, Jr.; John Temple; David Stuart; Gregg Weiss; John Doe; and the City of New York,

                      Defendants.

15-cv-9621 (KPF) [rel. 15-cv-1800]

---

## MEMORANDUM OF LAW IN SUPPORT OF JUSTICE WITTNER'S MOTION TO DISMISS THE COMPLAINT

BARBARA D. UNDERWOOD
Attorney General of the
State of New York
28 Liberty Street
New York, New York 10005
(212) 416-8108
*Counsel for Justice Wittner*

JONATHAN D. CONLEY
Assistant Attorney General
*Of Counsel*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

BACKGROUND ..................................................................................................................... 2

    *This Action* ................................................................................................................... 4

ARGUMENT ........................................................................................................................... 4

    Legal Standards ............................................................................................................. 4

    *Fed. R. Civ. P. 12(B)(1)* ............................................................................................... 4
    *Fed. R. Civ. P. 12(B)(6)* ............................................................................................... 5

        I.     Corley's claims for money damages against Justice Wittner
              are barred by the Eleventh Amendment ............................................................. 6

        II.    Corley's claims against Justice Wittner are barred by absolute
              judicial immunity ............................................................................................... 6

        III.   Corley's § 1983 claims are barred under *Heck v. Humphrey* .............................. 8

CONCLUSION ........................................................................................................................ 9

## TABLE OF AUTHORITIES

**CASES**                      Page(s)

*Aron v. Becker*,
    48 F. Supp. 3d 347 (N.D.N.Y. 2014) .................................................................................. 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .............................................................................................................. 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................................. 5

*Bliven v. Hunt*,
    579 F.3d 204 (2d Cir. 2009) ................................................................................................. 7

*Blockbuster, Inc. v. Galeno*,
    472 F.3d 53 (2d Cir. 2006) ................................................................................................... 4

*Bogle v. Melamed*,
    No. 09 Civ. 1017(RJD), 2012 WL 1117411 (E.D.N.Y. Mar.30, 2012) ................................ 9

*Bradley v. Fisher*,
    80 U.S. 335 (1871) ............................................................................................................... 7

*Corley v. City of New York*,
    1:14-cv-3202 (GHW) (S.D.N.Y.) ........................................................................................ 1

*Corley v. Farrell*,
    16-CV-3367 (NGG) (SMG) (E.D.N.Y.) .............................................................................. 1

*Corley v. United States*,
    138 S. Ct. 205 (2017) ........................................................................................................... 3

*Corley v. Vance*,
    1:15-cv-01800-KPF (S.D.N.Y.) ........................................................................................... 1

*Deraffele v. City of Rochelle*,
    15-CV-282 (KMK), 2016 WL 1274590 (S.D.N.Y. March 30, 2016) .................................. 8

*FW/PBS, Inc. v. City of Dallas*,
    493 U.S. 215 (1990) ............................................................................................................. 5

*Gross v. Rell*,
    585 F.3d 72 (2d Cir. 2009) ................................................................................................... 8

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009) .................................................................................................. 5

*Heck v. Humphrey*,
    512 U.S. 477 (1994) ..............................................................................................................1, 8, 9

*Luckett v. Bure*,
    290 F.3d 493 (2d Cir. 2002) .................................................................................................. 4

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) .................................................................................................. 4

*Marino v. City Univ. of N.Y.*,
    18 F. Supp. 3d 320 (E.D.N.Y. 2014) .................................................................................... 6

*Mills v. Fischer*,
    645 F.3d 176 (2d Cir. 2011) .................................................................................................. 7

*Mireles v. Waco*,
    502 U.S. 9 (1991) (per curiam) ............................................................................................. 7

*Montero v. Travis*,
    171 F.3d 757 (2d Cir. 1999) (per curiam) ............................................................................ 6

*Myers v. Cholakis*,
    No. 08-CV-126, 2008 WL 5147042 (N.D.N.Y. Dec. 5, 2008) ............................................. 6

*N.Y. State Ct. Clerks Ass'n v. Unified Ct. Sys.*,
    25 F. Supp. 3d 459 (S.D.N.Y. 2014) .................................................................................... 6

*Norton v. Larney*,
    266 U.S. 511 (1925) .............................................................................................................. 5

*Opperisano v. P.O. Jones*,
    286 F. Supp. 3d 450 (E.D.N.Y. 2018) .................................................................................. 8

*Peay v. Ajello*,
    470 F.3d 65 (2d Cir. 2006) .................................................................................................... 9

*Scalpi v. Town of E. Fishkill*,
    No. 14-CV-2126 (KMK), 2016 WL 858955 (S.D.N.Y. Feb. 26, 2016) .............................. 6, 7

*Shipping Fin. Servs. Corp. v. Drakos*,
    140 F.3d 129 (2d Cir. 1998) .................................................................................................. 5

*Stump v. Sparkman*,
    435 U.S. 349 (1978) ............................................................................................... 7

*Tapp v. Champagne*,
    164 F. App'x 106 (2d Cir. 2006) ............................................................................ 8

*Thompson v. Cnty. of Franklin*,
    15 F.3d 245 (2d Cir. 1994) .................................................................................... 5

*Thompson v. Delvalle*,
    No. 07 Civ. 4691(BSJ), 2010 WL 2505638 (S.D.N.Y. June 21, 2010) ................... 9

*United States v. Corley*,
    679 F. App'x 1 (2d Cir. 2017) ............................................................................ 3, 9

*United States v. Corley*,
    No. 13 Cr. 48 (RPP) (S.D.N.Y. Apr. 21, 2014), *aff'd,* 679 F. App'x 1 (2d Cir. 2017) ............................................................................................................... 1, 3

*United States v. Cotton*,
    535 U.S. 625 (2002) ............................................................................................... 8

*Will v. Mich. Dep't of State Police*,
    491 U.S. 58 (1989) ................................................................................................ 6

**CONSTITUTIONS**

United States Constitution

    Eleventh Amendment .......................................................................................1, 6

New York Constitution

    Article VI, § 7 ........................................................................................................ 8

**FEDERAL STATUTES**

18 U.S.C.
    § 1591 .................................................................................................................... 3
    § 2252A(a)(5)(B) .................................................................................................. 3

42 U.S.C.
    § 1983 ........................................................................................................1, 6, 8, 9

**FEDERAL RULES**

Fed. R. Civ. P. 12(B)(1) .................................................................................................. 1, 4

Fed. R. Civ. P. 12(B)(6) ................................................................................................... 1, 5

Defendant the Honorable Bonnie G. Wittner respectfully submits this memorandum of law in support of her motion to dismiss the complaint in this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Plaintiff Royce Corley brings this action *pro se* under 42 U.S.C. §§ 1983 and 1985 alleging that the defendants conspired to violate his constitutional rights during the course of a criminal prosecution in New York Supreme Court, New York County, which resulted in his subsequent prosecution and conviction in the United States District Court for the Southern District of New York.[1] Corley seeks both compensatory and punitive damages against Justice Wittner. *Id*. at p. 12.

Corley's claims against Justice Wittner are baseless and should be dismissed as a matter of law for three principal reasons. *First*, Corley's claims against Justice Wittner are barred by the Eleventh Amendment. *Second*, Corley's claims against Justice Wittner are barred by absolute judicial immunity. And *third*, Corley's § 1983 claims are barred under *Heck v. Humphrey*.

---

[1] Corley, who was ultimately convicted on federal charges involving sex trafficking of minors and possession of child pornography, *see United States v. Corley*, No. 13 Cr. 48 (RPP) (S.D.N.Y. Apr. 21, 2014), *aff'd*, 679 F. App'x 1 (2d Cir. 2017) (summary order), has commenced numerous actions in federal court challenging various aspects of his underlying criminal prosecution and conviction. *See, e.g.*, *Corley v. Farrell*, 16-CV-3367 (NGG) (SMG) (E.D.N.Y.) (alleging that his employer violated the Family and Medical Leave Act and failed to adequately represent him after his arrest); *Corley v. City of New York*, 1:14-cv-3202 (GHW) (S.D.N.Y.) (raising a number of claims involving the conditions of his confinement while at Rikers); *Corley v. Vance, et al.*, 1:15-cv-01800-KPF (S.D.N.Y.) (alleging false arrest and other claims arising out of his arrest on state charges). On August, 9, 2016, *Corley v. Vance*, 1:15-cv-01800-KPF (S.D.N.Y.) was marked related with this action. *See* ECF No. 48.

## BACKGROUND[2]

Plaintiff Royce Corley alleges that from 2007 to January 2012, he "informally … provid[ed] advertising and web development services to escort, therapeutic and adult-oriented businesses" under "the nom de guerre 'Ron Iron.'" Compl. ¶ 12. Corley claims that the New York County District Attorney's Office initiated an investigation into his business activities in late 2009, and were later told by an informant that Corley had "pimp[ed] and physically assault[ed]" the informant's girlfriend. *Id.* ¶ 14.

Corley alleges that, as part of this investigation, the New York County DA's Office conspired with Justice Wittner to "unlawfully establish a quasi-grand jury to issue subpoenas, court orders, etc. with the intent to illegally obtain," among other things, Corley's personal electronic communications and phone records. *Id.* ¶ 17. Justice Wittner was then allegedly "solicited" by the New York County DA's Office to "induce[]" an underage girl "to engage in prostitution, with the intent to fraudulently obtain search warrants and manufacture a sting operation" against him. *Id.* ¶ 18.

In January 2012, Corley was indicted by a Manhattan Grand Jury on two counts of promoting prostitution. *Id.* ¶ 26. Corley alleges that, after his indictment, Justice Wittner and the New York County DA's Office "engaged in fraud or other acts to circumvent established procedures[] to have Plaintiff's case assigned to Judge Wittner, with the intent to hide unlawful

---

[2] Because the Court must accept as true the complaint's well-pleaded allegations of fact for purposes of this motion, Justice Wittner does not respond to each of Corley's factual assertions in this memorandum. Although most of those allegations are demonstrably false, this memorandum focuses only on the background needed to resolve Justice Wittner's legal challenges to the complaint.

acts committed by the defendants." *Id.* ¶ 27. In October 2012, Corley further alleges that Justice Wittner "issued an order to forward evidence to the FBI and U.S. Attorney" after the New York County DA's Office asked her to solicit the United States Attorney's Office for the Southern District of New York to prosecute him. *Id.* ¶ 39–31, 46–49. Corley also asserts that his attorney, Michael Barry, and a criminal investigator, Glenn F. Hardy, publicized private information about him and his criminal case to promote their own professional practices, *id.* ¶ 41, and to "entic[e] the U.S. Attorney to take the case." *Id.* ¶ 50.

In January 2013, Corley was indicted in the United States District Court for the Southern District of New York on two counts of Sex Trafficking of a Minor under 18 U.S.C. § 1591. *See* Decl. of Christina Ante ("Ante Decl."), ECF No. 90, Ex. D.[3] Because these federal charges were based on the same conduct giving rise to Corley's state indictment, the New York County DA's Office recognized that any further proceedings on the state indictment would be barred by the resolution of the federal indictment. *Id.* Ex. E. In light of the overlapping nature of these indictments—and given the sentencing range on the federal charges exceeded those available under New York law—the New York County DA's Office decided it would no longer pursue charges against Corley, and dismissed the state indictment against him in February 2013. *Id.*

Corley was subsequently prosecuted federally by the United States Attorney's Office for the Southern District of New York, and was convicted in April 2014 on charges of sex trafficking with a minor and possession of child pornography. *See United States v. Corley*, No. 13 Cr. 48

---

[3] This indictment was later superseded in October 2013 with an indictment charging Corley with three counts of Sex Trafficking of a Minor under 18 U.S.C. § 1591 and one count of Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(B). *See* Ante Decl., ECF No. 90, Ex. D.

(RPP/AJN) (S.D.N.Y.). In February 2017, Corley's conviction was affirmed by the Second Circuit, *United States v. Corley*, 679 F. App'x 1 (2d Cir. 2017) (summary order), and in October 2017, his petition for certiorari was denied by the United States Supreme Court, *Corley v. United States*, 138 S. Ct. 205 (2017). Corley is currently incarcerated in the Federal Correctional Facility in Danbury, Connecticut.

*This Action*

In December 2015, Corley commenced this action against Justice Wittner, the judge who presided over his state prosecution; Michael J. Barry, his appointed counsel in that case; criminal investigator Glenn F. Hardy and his company, Ports & Files, Inc.; the City of New York; and several members of the New York County District Attorney's Office, including DA Cyrus Vance, and Assistant District Attorneys John Temple, David Stuart, Greg Weiss, and John Doe. Corley alleges that the defendants conspired to illegally convict him of promoting underage prostitution, and seeks, among other things, to hold Justice Wittner liable for depriving him of his rights under the United States Constitution and for negligent infliction of emotional distress under New York law. Corley seeks $2,000,000 in compensatory damages against Justice Wittner and punitive damages in a sum to be determined at trial.

**ARGUMENT**

**Legal Standards**

*Fed. R. Civ. P. 12(B)(1)*

A case "is properly dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate

it." *Luckett v. Bure*, 290 F.3d 493, 496–97 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In resolving jurisdictional questions under Rule 12(b)(1), a court may look to evidence outside the complaint to determine whether it has jurisdiction, and the party asserting jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). Subject matter jurisdiction "cannot be inferred argumentatively from averments in the pleadings … but rather must affirmatively appear in the record." *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990)); *see also Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 134 (2d Cir. 1998) ("'[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'") (quoting *Norton v. Larney*, 266 U.S. 511, 515 (1925)). This follows from both Article III's minimum requirements, as well as prudential limits on the federal district court's jurisdiction. *Thompson*, 15 F.3d at 248.

    *Fed. R. Civ. P. 12(B)(6)*

Under the now well-established *Twombly* standard, a complaint should be dismissed if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Second Circuit has explained that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles. *See Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

5

suffice.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and … determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.

I. **Corley's claims for money damages against Justice Wittner are barred by the Eleventh Amendment.**

Corley's claims for money damages against Justice Wittner must be dismissed for lack of subject matter jurisdiction because she is shielded by sovereign immunity. U.S. Const., amend. XI; *N.Y. State Ct. Clerks Ass'n v. Unified Ct. Sys.*, 25 F. Supp. 3d 459, 467 (S.D.N.Y. 2014) ("[T]he doctrine of sovereign immunity enshrined in the Eleventh []Amendment bars [the plaintiffs'] claims against the State Judges for damages and for retrospective injunctive and declaratory relief."); *Myers v. Cholakis*, No. 08-CV-126, 2008 WL 5147042, at *2 (N.D.N.Y. Dec. 5, 2008) (finding that any claims against the defendant "in her official capacity as a New York State Judge … are barred by the Eleventh Amendment"). The Eleventh Amendment bars all suits against a state in federal court unless the state consents to be sued or Congress abrogates the immunity from suit. Congress did not abrogate state sovereign immunity for claims arising under 42 U.S.C. § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989), and New York State has not waived its immunity, *Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d 320, 335 (E.D.N.Y. 2014). Thus, because the Eleventh Amendment bars these claims, they must be dismissed.

6

## II. Corley's claims against Justice Wittner are barred by absolute judicial immunity.

Justice Wittner is also shielded from suit by judicial immunity. Courts in this Circuit have long recognized "that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." *Scalpi v. Town of E. Fishkill*, No. 14-CV-2126 (KMK), 2016 WL 858955, at *7–8 (S.D.N.Y. Feb. 26, 2016) (quoting *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam)). "This immunity is 'from suit, not just from ultimate assessment of damages.'" *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam)).

Under this doctrine, judges are not liable for any acts done in the exercise of their judicial function. *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Here, Corley alleges that Justice Wittner conspired with the New York County DA's Office to (i) "unlawfully establish[] a quasi-grand jury to issue subpoenas [and] court orders," Compl. ¶ 17; (ii) "circumvent established procedures … to have Plaintiff's case assigned to" her, *id.* ¶ 27; (iii) "coerce or entice" an underage female to participate in a sting operation against Corley that would "manufacture" state-court jurisdiction over him, *id.* ¶¶ 18, 24; and (iv) solicit the United States Attorney's Office for the Southern District of New York to prosecute him, *id.* ¶¶ 39–41, 46–49. All of these acts allegedly performed by Justice Wittner either arose from, or related to, Corley's criminal prosecution, and were thus plainly judicial in nature. *Bliven*, 579 F.3d at 210 ("[T]he Supreme Court has generally concluded that acts arising out of, or relating to, individual cases before the judge are considered judicial in nature."); *see also Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (a court's judicial acts and jurisdiction are construed broadly when judicial immunity is implicated). Justice Wittner is therefore immune from suit, and the claims against her should be dismissed as

7

frivolous. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

Although Corley alleges that Justice Wittner acted in the "clear absence of all jurisdiction," Compl. ¶¶ 6, 60, 63, 66, he has alleged no facts supporting that claim. *See Bradley v. Fisher*, 80 U.S. 335, 351 (1871) (describing what it means for a judge to act "in clear absence of" jurisdiction). A court acts within its jurisdiction for purposes of judicial immunity unless it lacks "any 'statutory or constitutional *power* to adjudicate the case." *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). And here, Justice Wittner—a Justice of the Supreme Court of the State of New York—plainly had jurisdiction over Corley's criminal prosecution. *See* N.Y. Const., art. VI, § 7. (the Supreme Court of the State of New York has general, original, and exclusive jurisdiction over criminal matters prosecuted by indictment).

Corley's allegations of bad faith are equally unavailing. Claims of "bad faith or malice cannot overcome judicial immunity." *Deraffele v. City of Rochelle*, 15-CV-282 (KMK), 2016 WL 1274590, at *15 (S.D.N.Y. March 30, 2016) (quoting *Aron v. Becker*, 48 F. Supp. 3d 347, 363 (N.D.N.Y. 2014)); *see also Gross*, 585 F.3d at 84 ("Judicial immunity is not defeated even when the judge is accused of acting maliciously and corruptly."). Accordingly, Corley's claims against Justice Wittner must be dismissed. *See, e.g.*, *Tapp v. Champagne*, 164 F. App'x 106 (2d Cir. 2006) (affirming *sua sponte* dismissal of claims against judges protected by absolute immunity).

### III. Corley's § 1983 claims are barred under *Heck v. Humphrey*.

Corley's § 1983 claims are also barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck* and its progeny, "[a]n individual convicted of a crime may not bring a section 1983 suit for damages that 'necessarily impl[ies] the invalidity of his conviction or sentence ... unless [he] can demonstrate that the conviction or sentence has already been invalidated.'" *Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 454 (E.D.N.Y. 2018) (quoting *Heck*, 512 U.S. at 487).

Here, the crux of Corley's claims is that the defendants illegally conspired in a variety of acts that violated his constitutional rights during his state-court prosecution, and that this conspiracy ultimately resulted in his prosecution and conviction in federal court on counts of sex trafficking and possession of child pornography.

Because success on these claims would necessarily invalidate his conviction on those counts—a conviction that was recently affirmed by the Second Circuit, 679 F. App'x 1 (2d Cir. 2017)—they are squarely barred under *Heck*. *See, e.g.*, *Heck*, 512 U.S. at 487.

It makes no difference that Corley—rather than challenging the validity of his federal prosecution and conviction—is instead challenging conduct giving rise to state charges that were subsequently dropped. In cases, like this one, where "the Federal and State actions are inextricably intertwined and substantially related to one another," the *Heck* rule applies to bar Section 1983 claims based on the dismissed state charges. *See Bogle v. Melamed*, No. 09 Civ. 1017(RJD), 2012 WL 1117411, at *3 (E.D.N.Y. Mar.30, 2012) (quoting *Thompson v. Delvalle*, No. 07 Civ. 4691(BSJ), 2010 WL 2505638, at *3 (S.D.N.Y. June 21, 2010)). Here, the complaint is replete with allegations of wide-ranging conspiratorial misconduct between Justice Wittner, defense counsel, and state prosecutors—allegations that, if proven true, would necessarily render

9

his federal conviction invalid. Corley's § 1983 claims are thus precluded under *Heck*. *See Peay v. Ajello*, 470 F.3d 65, 68 (2d Cir. 2006) (affirming dismissal of the plaintiff's claims under *Heck* because the claims—while not "challeng[ing] the lawfulness of his conviction" directly—involved allegations of "extensive conspiratorial misconduct between defense counsel and the prosecution [that] would render the conviction invalid if they were proved.").

## CONCLUSION

For the reasons set forth above, Justice Wittner respectfully requests that the Court dismiss Corley's complaint in its entirety with prejudice.

Dated: New York, New York
       August 3, 2018

Respectfully submitted,

BARBARA D. UNDERWOOD
Attorney General of the State of New York
*Counsel for Justice Wittner*
By:

_____
Jonathan D. Conley
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, New York 10005
Tel: (212) 416-8108
Fax: (212) 416-6075
Jonathan.Conley@ag.ny.gov

10