UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYCE CORLEY             Plaintiff,

-against-

HONORABLE BONNIE G. WITTNER, J.S.C.; MICHAEL J. BARRY; PORTS & FILES, INC.; GLENN F. HARDY, ESQ.; GLENN F. HARDY, P.C.; CYRUS R. VANCE, JR.; JOHN TEMPLE; DAVID STUART; GREG WEISS; JOHN DOE; AND THE CITY OF NEW YORK

　　　　Defendants.

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT**

**2015 CV 9621 (KPF)**

CYRUS R. VANCE, JR.
District Attorney
New York County
Attorney for Respondent
One Hogan Place
New York, New York 10013
(212) 335-9000

CHRISTINA ANTE
Assistant District Attorney
Of Counsel

i

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

CONCLUSION .............................................................................................................................. 9

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re A2p SMS Antitrust Litig.*,
 972 F. Supp. 2d 465 (S.D.N.Y. 2013)(Nathan, J.) ................................................................. 3

*AJ Contr. Co. v. City of New York*,
 300 B.R. 182 (S.D.N.Y. 2003) ............................................................................................... 2

*Blockburger v. United States*,
 284 U.S. 299 (1932) ............................................................................................................... 5

*Chambers v. Time Warner, Inc.*,
 282 F.3d 147 (2d Cir. 2002) ................................................................................................... 1

*Close v. New York*,
 125 F.3d 31 (2d Cir. 1997) ..................................................................................................... 2

*Dunham v. City of New York*,
 295 F. Supp. 3d 319 (S.D.N.Y. 2018) ................................................................................... 6

*Edelman v. Jordan*,
 415 U.S. 651 (1974) ............................................................................................................... 2

*Janetka v. Dabe*,
 892 F.2d 187 (2d Cir. 1989) ................................................................................................... 6

*Manshion Joho Ctr. Co., Ltd. v. Manshion Joho Ctr., Inc.*,
 24 A.D.3d 189 (1st Dept. 2005) ............................................................................................. 3

*McNair v. Kirby Forensic Psychiatric Ctr.*,
 09 Civ. 6660 (SAS), 2010 U.S. Dist. LEXIS 118156 (S.D.N.Y. Nov. 5, 2010.) .................. 4

*Moore v. City of New York*,
 219 F. Supp. 2d 335 (E.D.N.Y. 2002) ................................................................................... 8

*Richardson v. New York State Dep't of Correctional Serv.*,
 180 F.3d 426 (2d Cir. 1999) ................................................................................................... 2

*Robinson v. Via*,
 821 F.2d 913 (2d Cir. 1987) ................................................................................................... 3

*Simpson v. Uniondale Union Free Sch. Dist.*,
 702 F. Supp. 2d 122 (E.D.N.Y. 2010) ................................................................................... 8

*United States v. Dixon*,
  509 U.S. 688 (1993) ..................................................................................................... 5

*United States v. Vrancea*,
  688 Fed. Appx. 94 (2d Cir. 2017) ................................................................................ 5

*Wahlstrom v. Metro-North Commuter R.R.*,
  89 F. Supp. 2d 506 (S.D.N.Y. 2000) ............................................................................ 8

*Will v. Michigan Dept. of State Police*,
  491 U.S. 58 (1989) ....................................................................................................... 2

*Ying Jing Gan v. City of New York*,
  996 F.2d 522 (2d Cir. 1993) ........................................................................................ 2

**Statutes**

New York Penal Law §235.25 ............................................................................................. 7

**Other Authorities**

Federal Rule of Civil Procedure §12(b)(6) .................................................................. 1, 9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYCE CORLEY                    Plaintiff,<br><br>-against-<br><br>HONORABLE BONNIE G. WITTNER, J.S.C.; MICHAEL J. BARRY; PORTS & FILES, INC.; GLENN F. HARDY, ESQ.; GLENN F. HARDY, P.C.; CYRUS R. VANCE, JR.; JOHN TEMPLE; DAVID STUART; GREG WEISS; JOHN DOE; AND THE CITY OF NEW YORK<br><br>                                 Defendants. | 2015 CV 9621 (KPF)<br><br>REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT |

**PRELIMINARY STATEMENT**

Defendants New York County District Attorney Cyrus R. Vance, Jr., Assistant District Attorneys John Temple, David Stuart, Greg Weiss, and John Doe (collectively, "DA defendants") submit this reply to plaintiff's opposition to the DA defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure §12(b)(6).

The DA defendants continue to rely on their prior Motion and Memorandum of Law (hereinafter "Memo") in support of the Motion to Dismiss the Complaint, filed on July 13, 2018.

**ARGUMENT**

Plaintiff fails to address in his opposition papers (hereinafter "Opposition") the deficiencies in his complaint and ignores the well-established law cited in the DA defendants' memorandum of law. Moreover, plaintiff attached numerous exhibits upon which he relies in his opposition. But, the only documents which plaintiff incorporated by reference to his complaint were "records from the N.Y. Division of Criminal Justice Services" (C: ¶54). Any other new allegation or exhibit in plaintiff's opposition memorandum of law should not be considered in deciding a motion pursuant to Rule

1

12(b)(6). *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."). In any event, even with the new allegations and exhibits, plaintiff still fails to state a viable cause of action.

    A. <u>Eleventh Amendment Bars Plaintiff's Claims</u>.

As has been already argued, the Eleventh Amendment bars the suing of all DA defendants in their official capacity (Memo, page 11). For example, in *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529-530 (2d Cir. 1993), the Second Circuit found that claims were barred by the Eleventh Amendment against an Assistant District Attorney who was sued in his official capacity. A state actor sued in his official capacity is not a "person" subject to liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *AJ Contr. Co. v. City of New York*, 300 B.R. 182 (S.D.N.Y. 2003). Thus, any federal official capacity suit against the DA defendants, for their actions as public prosecutors, is facially deficient.

Plaintiff's argument that the Eleventh Amendment does not apply is specious (Opposition, page 19). Simply because the DA defendants chose to be represented by the New York County District Attorney's Office and not the Attorney General does not mean immunity was somehow waived. "The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 448 (2d Cir. 1999), *citing, Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). Waiver can only be found "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974); *Close v. New York,* 125 F.3d 31, 39 (2d Cir. 1997). State actors choosing whom they want to legally represent

them in court simply is not a waiver of immunity. Simply put, there was no express waiver by the Attorney General allowing the DA defendants to be sued in their official capacity.

### B. Absolute Immunity.

Furthermore, as has already been argued, plaintiff's first, third and fifth claims are barred by the doctrine of absolute prosecutorial immunity (Memo, pages 12-14). Plaintiff fails to acknowledge that absolute immunity is accorded to any acts undertaken for the initiation and continuation of a criminal prosecution.

Thus, it is of no moment whether any court orders or subpoenas were obtained from a "quasi-grand jury" or, as plaintiff now alleges, from other indicted cases of different criminal defendants (Opposition, pages 15, 17). The act of obtaining a court order or subpoena is a prosecutorial function protected by absolute immunity. Likewise, if the alleged tolling of speedy trial time was due to bribery of the defense attorney, or the dismissal and transfer of the state criminal case to federal jurisdiction was allegedly improperly motivated by racial animus, absolute immunity still applies. Plaintiff mistakenly focuses on motivation rather than the alleged actions of the DA defendants. "[E]valuation of motive and reasonableness is forbidden" when applying absolute prosecutorial immunity. *Robinson v. Via*, 821 F.2d 913, 920 (2d Cir. 1987).

Lastly, plaintiff's assertion of the "Doctrine of Unclean Hands" (Addendum to Opposition, para. 1) is wholly irrelevant. This equitable defense has nothing to do with the defense of absolute prosecutorial immunity. "Unclean hands" is a doctrine where a plaintiff will be denied damages if he acted unfairly in the matter for which he seeks recovery. It is a defense raised by defendants in civil actions which are not exclusively for monetary damages. *See In re A2p SMS Antitrust Litig.*, 972 F. Supp. 2d 465, 480-481 (S.D.N.Y. 2013)(Nathan, J.); *Manshion Joho Ctr. Co., Ltd. v. Manshion Joho Ctr., Inc.*, 24 A.D.3d 189, 190 (1st Dept. 2005).

C. <u>Lack of Personal Involvement.</u>

Plaintiff fails to refute the lack of personal involvement on the part of the DA defendants to support a viable §1983 cause of action. In his opposition, Plaintiff now adds that Assistant District Attorneys David Stuart and Gregory Weiss "appeared in court" and that John Temple "assisted in the investigation" (Opposition, pages 18-19). Additionally, Plaintiff explicitly relies upon the doctrine of *respondeat superior* in regard to Cyrus R. Vance Jr. (Opposition, page 19; Addendum to Opposition, para. 2).

As was previously argued, plaintiff did not allege in his complaint sufficient factual allegations of wrong doing personally committed against him by any of the DA defendants (Memo, pages 14-16). Nor do the new bald allegations, outside of the complaint, that David Stuart and Gregory Weiss "appeared in court" and that John Temple "assisted in the investigation" without anything more support a claim of constitutional deprivations under §1983.

Lastly, Plaintiff's new assertion that Cyrus R. Vance Jr. "acquiesced" to the use of alleged underage prostitutes as informants (Opposition, page 19, Addendum para. 2), underscores that plaintiff is pursuing a theory of vicarious liability against Vance. Liability for a supervisor under a §1983 claim is imposed only if the supervisor had an "active hand in the alleged constitutional violation" *McNair v. Kirby Forensic Psychiatric Ctr.,* 09 Civ. 6660, (SAS), 2010 U.S. Dist. LEXIS 118156, *23-24 (S.D.N.Y. Nov. 5, 2010.) There is no supervisory liability for situations where the "supervisor knew of or acquiesced to a constitutional violation committed by a subordinate." *Id.* at *24. In short, plaintiff failed to allege personal involvement against Vance Jr. and *respondeat superior* is not a viable theory of liability.

D. <u>Heck Bar Applies</u>.

Plaintiff claims that his Federal conviction on three counts of Sex Trafficking of a Minor and one count of Possession of Child Pornography is not a bar to his causes of action. First, Plaintiff argues that under the "*Blockburger*" test, his state and federal charges are "substantially different." (Opposition, pages 34-35). He further claims that: the state and federal charges have "significant factual differences"; *Heck* does not apply to malicious prosecution, and violations of speedy trial and due process claims[1]; *Heck* is inapplicable because he made a motion for a new trial and he will be eventually released from prison; there was a "split verdict"; and applying *Heck* would not be "consistent with justice." (Opposition, pages 35-37). Plaintiff's arguments should be afforded short shrift.

First, *Blockburger v. United States*, 284 U.S. 299 (1932) is inapplicable. The *Blockburger* test is used to determine whether there are two different offenses for Fifth Amendment Double Jeopardy purposes. *See United States v. Vrancea*, 688 Fed. Appx. 94 (2d Cir. 2017); *United States v. Dixon*, 509 U.S. 688 (1993). As was previously argued (Memo, pages 26-27), the *Heck* bar does not require that the state and federal charges have substantially the same elements. The *Heck* bar applies to the dismissed state charges when the state and federal charges are inextricably intertwined and substantially related to one another.

Furthermore, plaintiff is at a loss to explain how there are "significant factual differences" between the state and federal charges. Indeed, his only argument is that the state charges encompassed January 2012, while the federal charges ranged from August 2011 to January 2012 (Opposition, page 35). Plaintiff does not deny that the events of January 2012 were the same in both the state and federal

---

[1] The DA defendants rely upon the black letter law cited in their Memo (pages 16-20) that *Heck* bars claims of false arrest and imprisonment, violation of speedy trial, violation of due process and a fair trial, and malicious prosecution.

5

prosecutions. Simply put, as plaintiff has alleged throughout his complaint, the state and federal charges stem from the same events - - he prostituted minors by use of the internet.

Next, plaintiff makes the nonsensical assertion that there was a "split verdict" which renders the *Heck* bar inapplicable, relying upon *Dunham v. City of New York*, 295 F. Supp. 3d 319 (S.D.N.Y. 2018) and *Janetka v. Dabe*, 892 F.2d 187 (2d Cir. 1989)(Opposition, page 37). In both those cases, the plaintiffs went to trial, where they were convicted on some counts and acquitted on others. In that type of situation, a court must determine if the acquittal and conviction charges involved were "distinct offenses involving distinct allegations" in order for the *Heck* bar not to apply. *Janetka* at 190. Here, plaintiff was convicted on all the counts in the federal indictment. And, as previously argued, the federal convictions stemmed from the same events covering the state prosecution.

Lastly, plaintiff's arguments that the *Heck* rule cannot be applied because: he filed motions for a new trial; will be eventually released from prison in 2020; and is somehow unjust, would render the *Heck* bar useless (Opposition, pages 36, 27). The United States Supreme Court denied plaintiff's application for a *writ of certiorari* on October 2, 2017. Plaintiffs would continually file meritless motions to stave off the *Heck* bar to their civil actions. Likewise, there is no requirement of a life sentence before the *Heck* bar can be applied. Plaintiff's eventual release is of no consequence to his current civil action. Nor does the application of the *Heck* rule unfairly prevents plaintiff from pursuing a civil action. In accordance with justice, *Heck* prevents the abuse by duly convicted inmates to implicate the validity of their convictions.

    E.  <u>Plaintiff Still Fails to Allege Outrageous Government Conduct</u>.

Despite re-iterating the allegations in his complaint, and now adding additional exhibits and allegations, plaintiff misses the boat regarding his claim of outrageous government conduct in his second cause of action (Opposition, pages 20-25). As was previously argued (Motion, pages 22-23),

6

nowhere in his complaint does plaintiff allege that the outrageous government conduct caused him to be deprived of life, liberty or property. Plaintiff only re-iterates in his opposition that despite the DA defendants running an underage prostitution ring for two years, they "learned that Plaintiff did not knowingly associate with underage prostitutes" (Opposition, page 23). Indeed, because of the plaintiff being so virtuous as to ward off underage prostitute informants, the DA defendants had to resort to "invent[ing] both of the charges Plaintiff was arrested for" (Opposition, page 23). And, since plaintiff alleges that his entire arrest and prosecution was created out of whole cloth, the *Heck* bar applies because plaintiff calls into question the validity of his conviction.

### F. Equal Protection Claim.

In his complaint, plaintiff claimed that the DA defendants maintained a racist policy of referring Black defendants charged with promoting prostitution for federal prosecution, or charging them with more serious crimes, while defendants of other races were not. Furthermore, plaintiff made the bald allegation in his complaint that the N.Y. Division of Criminal Justice Services statistics supported this assertion. As was previously argued (Motion, pages 24-26), plaintiff failed to allege differential treatment caused by impermissible considerations.

Indeed, the statistics from the N.Y. Division of Criminal Justice Services ("CJS") that plaintiff supplies in his exhibits D1 and D2 (and of which some portions are illegible) do not support his blanket assertions. None of the arrest and conviction statistics show the number of prosecutions for Promoting Prostitution in the Third Degree under Penal Law §235.25 (1) or (2)(involving minors under the age of 19) which were referred to any Federal United States Attorney's Office. And the statistics do not break down any numbers for each sub-section of Penal Law §235.25. Nor do the statistics show the number of persons who were arrested, but were never prosecuted, or were

<sub>
</sub>

sentenced to a violation and not a criminal conviction. Simply put, even the statistics from CJS that plaintiff provides in his opposition confirm that his allegation in the complaint is baseless.

Furthermore, as was already argued (Memo, page 26), plaintiff's allegations in the complaint do not meet the requirement that any disparate treatment must be caused by impermissible considerations. Plaintiff attempts to overcome this by new allegations and exhibits in his opposition (Opposition, page 28), but fails again. Exhibit I is a newspaper article regarding a Robbery conviction of an eighty-five-year-old man which does not mention the race of the victim. In Exhibit J-3, another newspaper article, nowhere is there any quote from Cyrus R. Vance, Jr., let alone any quote from anyone saying the defendant was "thickheaded." And significantly, the article is silent regarding the races of the defendants and the victims. Lastly, exhibits J-1 and J-2, containing Cyrus R. Vance, Jr.'s statements about the loopholes in the New York Penal Law regarding prostituting and sex trafficking of minors, have nothing to do with race and everything about protecting children from pimps like plaintiff. In short, neither in his complaint or in his opposition, does plaintiff state an equal protection claim in his fifth cause of action.

G. Negligent Infliction of Emotional Distress Claim.

Nothing in plaintiff's complaint or opposition sets forth a viable cause of action for negligent infliction of emotional distress. The DA defendants continue to rely upon their motion (Motion, pages 26-27). Plaintiff has failed to allege that any of the conduct by the DA defendants "either endangered the plaintiff's physical safety or caused the plaintiff fear for his . . . own physical safety." *Simpson v. Uniondale Union Free Sch. Dist.,* 702 F. Supp. 2d 122, 135 (E.D.N.Y. 2010). Furthermore, where plaintiff has alleged other intentional torts, negligent infliction of emotional distress claims should be dismissed. *See Moore v. City of New York*, 219 F. Supp. 2d 335, 339 (E.D.N.Y. 2002) (citation and quotation marks omitted); *Wahlstrom v. Metro-North Commuter R.R.,* 89 F. Supp. 2d 506, 531-532

(S.D.N.Y. 2000). Lastly, as previously addressed (Motion, pages 27-28), plaintiff's first, second, third and sixth causes of action (which is for negligent infliction of emotional distress) are time-barred.

## CONCLUSION

The DA defendants continue to rely upon their prior motion and Memorandum of Law in support of an order to dismiss plaintiff's complaint. Plaintiff has failed to allege in his complaint a viable cause of action upon which relief can be granted. Plaintiff continues to ignore the law concerning the Eleventh Amendment bar to his claims, the lack of any personal involvement of the DA defendants, the protection of absolute prosecutorial immunity for all actions undertaken while engaged in their role as advocates, and *Heck* principles which are a bar to his first, second, third, fourth and fifth causes of action.

Accordingly, the DA defendants motion for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the complaint and for any other fair and equitable relief that may be appropriate, should be granted.

Dated:      February 14, 2018
            New York, New York

**Cyrus R. Vance Jr.**
District Attorney, New York County          By: /s/ Christina F. Ante
as Special Assistant Corporation Counsel         Christina F. Ante
One Hogan Place                                  Assistant District Attorney
New York, New York 10013                         Of Counsel
(212) 335-9000 (telephone)